UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 23-10164-SMR |
| | § | |
| ASTRALABS, INC. | § | (Chapter 7) |
|     Debtor | § | |

## MOTION TO RECONSIDER ORDER CONVERTING CASE TO ONE UNDER CHAPTER 7

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Thomas Dolezal, Matthew Kelly and Casey Melcher, creditors and parties in interest, file this Motion to Reconsider Order Converting Case to One Under Chapter 7 and would show as follows:

1. Movant Thomas Dolezal is a creditor scheduled by the Debtor as holding undisputed unsecured claims in the amount of $60,000.

2. Movant Matthew Kelly is a creditor with a filed claim (#45-1) in the amount of $93,042.22.

3. Movant Casey Melcher is a creditor scheduled by the Debtor as holding an undisputed unsecured claim in the amount of $25,000.00.

4. Additional creditors have indicated that they wish to join in this motion.

5. This case was filed on March 17, 2023.

6. On May 10, 2023, the U.S. Trustee filed a Motion to Dismiss or Convert and a Motion to Expedite Hearing.

7. On May 11, 2023 at 8:13:39, the U.S. Trustee filed a notice of hearing to take place at 1:30 p.m. that same day.

8. The hearing which took place was marred by Webex participants talking over other people who were speaking and the police apparently being called to the location where the Debtor's principal, Andrew Ryan, was located. The portion observed by this counsel (who had not been retained

by any party at that time) was disjointed and chaotic. The only witness to testify was Andrew Ryan who did not appear to have been prepared for the hearing.

9. On May 12, 2023, an order was entered converting the case to Chapter 7.

10. A motion for reconsideration is governed by Fed.R.Bankr.P. 9023. A motion for reconsideration is the equivalent of a motion for new trial in a case that was tried to the bench. A motion for reconsideration is timely if filed within fourteen days after the date of the order. The standard is "for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court."

11. Assuming arguendo that cause was shown under 11 U.S.C. §1112, the Court must decide whether conversion or dismissal is in the best interest of creditors.

12. In this case, the creditors were denied the opportunity to appear and be heard on whether the case should be dismissed or converted. A notice mailed at 8:39 a.m. is not reasonably calculated to provide notice of a hearing to take place at 1:30 p.m.

13. Upon information and belief, a significant number of creditors signed statements supporting dismissal of the case. None of these statements were presented to the court.

14. Upon information and belief, prior to conversion, the Debtor had raised funds totaling over $1 million to resume operations. While the Debtor failed to seek proper court authority, this is some indication that the Debtor could resume operations if not in bankruptcy.

15. Upon information and belief, the Debtor has secured commitments from a majority of its creditors to forebear from collections while the Debtor restarts its business if the case is dismissed from bankruptcy.

16. The principal asset of the estate consists of warrants in over 5,000 companies. These are sophisticated financial instruments. Upon information and belief, these assets can only be

marketed by a qualified investment banker to avoid violating federal and state securities laws. Given the volume of the warrants, there may be national security limitations to selling the warrants in bulk.

17. The court should give strong weight to the interest of the creditors who prefer that the case be dismissed rather than converted.

Respectfully submitted,

BARRON & NEWBURGER PC
7320 N. MoPac Expressway, Ste. 400
Austin, Texas 78731
Telephone: (512) 649-3243

By /s/ Stephen Sather
Stephen Sather
State Bar No 17657520
ATTORNEY FOR MOVANTS

CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was served by electronic mail transmission to the following parties by CM/ECF on May 18, 2023:

Astralabs, Inc.
979 Springdale Road, Suite #123
Austin, TX 78723

Cleveland R Burke
Holland & Knight
100 Congress Avenue
Ste 1800
Austin, TX 78701
cleveland.burke@hklaw.com

Lisa C. Fancher
Fritz Byrne, PLLC
221 W 6th St
Ste 960
Austin, TX 78701
lfancher@fritzbyrne.law

Shanna M Kaminski
Kaminski Law, PLLC
P.O. Box 247
Grass Lake, MI 49240

skaminski@kaminskilawpllc.com

Robert Chamless Lane
The Lane Law Firm, PLLC
6200 Savoy Dr, Suite 1150
Houston, TX 77036
chip.lane@lanelaw.com

Ryan Lott
The Lott Firm, PLLC
501 Congress Avenue, Suite 150
Austin, TX 78701

Jay Ong
Munsch Hardt Kopf & Harr, P.C.
1717 West 6th Street
Suite 250
Austin, TX 78703
jong@munsch.com

Randolph Osherow
342 W Woodlawn, Suite 100
San Antonio, TX 78212
rosherow@hotmail.com

John Mark Stern
Texas Attorney General's Office
P. O. Box 12548
Austin, TX 78711-2548
bk-jstern@oag.texas.gov

Eric Terry
Eric Terry Law, PLLC
3511 Broadway
San Antonio, TX 78209
eric@ericterrylaw.com

Shane P. Tobin
903 San Jacinto Blvd.
Room 230
Austin, TX 78701
shane.p.tobin@usdoj.gov

        /s/Stephen W. Sather
        Stephen W. Sather