UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
KEVIN M. EPSTEIN
UNITED STATES TRUSTEE
GARY WRIGHT
ASSISTANT UNITED STATES TRUSTEE
SHANE P. TOBIN
TRIAL ATTORNEY
903 SAN JACINTO BLVD., ROOM 230
AUSTIN, TX 78701
Telephone: (512) 916-5348
Fax: (512) 916-5331

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| ASTRALABS, INC., | § | CASE NO. 23-10164-SMR |
| | § | |
| DEBTOR. | § | CHAPTER 11 |

**OBJECTION OF THE UNITED STATES TRUSTEE TO MOTION TO RECONSIDER ORDER CONVERTING CASE TO ONE UNDER CHAPTER 7**

TO THE HONORABLE SHAD M. ROBINSON,
UNITED STATES BANKRUPTCY JUDGE:

KEVIN M. EPSTEIN, THE UNITED STATES TRUSTEE for Region 7 (U.S. Trustee), hereby objects to the Motion to Reconsider Order Converting Case to One Under Chapter 7 (Motion to Reconsider) [Dkt. # 104] filed by creditors Thomas Dolezal, Matthew Kelly, and Casey Melcher (collectively, Movants). Movants fail to state with sufficient particularity in the Motion to Reconsider what relief they are seeking and the reasons for doing so as required by Federal Rule of Bankruptcy Procedure 9013. The Motion to Reconsider also does not meet the standards under Federal Rule of Bankruptcy Procedure 9023 and Federal Rule of Civil Procedure 59(e) to amend an order because Movants have not cited any new facts, change in controlling law, or manifest

1

injustice. Movants may not simply relitigate issues previously raised because they disagree with the Court. In support of this objection, the U.S. Trustee respectfully shows the Court the following:

I.     **BACKGROUND**

1.     Astralabs, Inc. (Debtor) filed the above-captioned chapter 11 bankruptcy case on March 17, 2023.

2.     On May 10, 2023, the U.S. Trustee filed a Motion to Convert Case to a Case Under Chapter 7, or, in the Alternative, Dismiss Case (Motion to Convert) at docket # 83. Also on May 10, 2023, the U.S. Trustee filed a Motion to Expedite Hearing on the Motion to Convert at docket # 84. The U.S. Trustee provided adequate notice of both motions as required by the local rules. That same day, the Court set an expedited hearing on the Motion to Convert for May 11, 2023, at 1:30 p.m., the same time as the already-scheduled Subchapter V status hearing. On May 11, 2023, the U.S. Trustee filed a notice of expedited hearing at docket # 87 and provided adequate notice of the notice of expedited hearing as required by the local rules.

3.     On May 11, 2023, at 1:30 p.m., the Court held a hearing on the Motion to Convert (Conversion Hearing). At the Conversion Hearing, the Court heard argument from the U.S. Trustee, the Subchapter V Trustee, the Debtor, and at least one creditor. The Court also heard testimony from Andrew Ryan (Ryan), the CEO of Debtor, who was examined by the U.S. Trustee, the Subchapter V Trustee, the Debtor, and at least one creditor. The Conversion Hearing, held via Webex, was attended by over 100 people. At the Conversion Hearing, the Court asked for all appearances, and no Movant appeared, asked questions, or made any statement.

4.     After taking evidence, including the testimony of Ryan and taking judicial notice of prior motions and hearings in which Debtor sought permission to pay prepetition wages after having already made the payment, and hearing argument, the Court found that the U.S Trustee

2

established the existence of cause under § 1112(b) and that conversion was in the best interests of creditors and the estate, and issued an oral ruling granting the Motion to Convert and converted the case to one under Chapter 7.

5. In its order converting the case to one under Chapter 7, the Court found that cause existed to dismiss or convert the case under § 1112(b) for the reasons stated on the record during the hearing on May 11, 2023, including because Debtor: (1) has insufficient cash on hand and current revenue to pay its expenses, including payroll and related expenses, (2) lost a substantial number of employees, (3) dissolved the board of directors and terminated multiple executives, (4) incurred and paid postpetition debt without seeking court approval and in violation of the cash collateral order, (5) continues to raise additional funding without seeking court authority, and (6) deliberately omitted assets from its schedules. Dkt. # 89. The Court further found that it was in the best interests of creditors and the estate to convert the case to a case under Chapter 7 of Title 11 of the United States Code. *Id.*

6. On May 18, 2023, Movants filed the Motion to Reconsider.

## II. OBJECTION

6. The Court should deny the Motion to Reconsider because Movants failed to state what relief they are seeking and the reasons for doing so with particularity. The Court should also deny the Motion to Reconsider because Movants have not established any newly discovered evidence, intervening change in controlling law, clear error of law, or manifest injustice that warrants reconsideration. Instead, Movants rehash evidence already considered by this Court and improperly challenge the way this Court conducts its docket, none of which meets the standard for reconsideration under Federal Rule of Bankruptcy Procedure 9023 and Fifth Circuit law.

3

A. **The Motion to Reconsider Fails to State with Particularity What Relief Movants are Seeking and the Reasons They are Entitled to That Relief**

7. As a threshold matter, the Court should deny the Motion to Reconsider because Movants failed to state what relief they are seeking and the reasons for doing so with particularity. Fed. R. Bankr. P. 9013. The Motion to Reconsider does not state under what authority the Movants are entitled to reconsideration other than mentioning Federal Rule of Bankruptcy Procedure 9023, that the Motion to Reconsider was timely filed, and setting out a broad standard unsupported by citation to any legal authority. The Movants also fail to allege facts with sufficient particularity to determine why they are entitled to reconsideration of the order converting this case to Chapter 7. As the Motion to Reconsider fails to provide any authority or sufficient facts for this Court to reconsider the order converting this case to Chapter 7, the Motion to Reconsider must be denied. *In re Gonzalez*, 372 B.R. 837, 841-42 (Bankr. W.D. Tex. 2007) (court concluded that it was improper to consider a motion for reconsideration because the creditor failed to state with particularity the grounds for reconsideration cognizable under Fed. R. Civ. P. 60(b)).

B. **The Motion to Reconsider Fails to Meet the Requirements for Reconsideration Under Bankruptcy Rule 9023 and Should Be Denied.**

8. The Court should also deny the Motion to Reconsider because Movants failed to meet the standard for reconsideration under Federal Rule of Bankruptcy Procedure 9023 as Movants have not established any newly discovered evidence, intervening change in controlling law, clear error of law, or manifest injustice that warrants reconsideration.

9. Federal Rule of Bankruptcy Procedure 9023 and Federal Rule of Civil Procedure 59(e) provide that a party may file a motion to "alter or amend a judgment" no later than 14 days after entry of judgment. "A Rule 59(e) motion is a motion that calls into question the correctness of a judgment." *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002); *see also In re Baribeau*, 603 B.R. 797, 800 (Bankr. W.D. Tex. 2019). "Rule 59(e) is properly invoked to correct

manifest errors of law or fact or to present newly discovered evidence." *In re Transtexas Gas Corp.*, 303 F.3d at 581 (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)).

  10. The movant, on a motion to alter or amend, has the burden of establishing one of the following: "(1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or prevent manifest injustice." *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002). A Rule 59 motion "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. Hydro-Chem, Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004). In the Fifth Circuit, "[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Edionwe v. Bailey*, 860 F.3d 287, 294-95 (5th Cir. 2017); *Templet*, 367 F.3d at 479. A trial court has "considerable discretion" in deciding a motion to alter or amend and "the trial court must strike the proper balance between . . . (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 355 (5th Cir. 1993).

  7. Movants do not allege any newly discovered evidence, intervening change in controlling law, clear error of law, or manifest injustice. Because Movants cite no legal authority supporting the Motion to Reconsider and fail to discuss the standard for reconsideration in the Fifth Circuit, the Court and parties in interest are left to assume that Movants request for reconsideration is either based on the availability of new evidence or to prevent manifest injustice, both of which the Movants failed to reference, much less establish, in the Motion to Reconsider. *See Gonzalez*, 372 B.R. at 841 ("The court is not obligated to speculate regarding the reasons that might support the creditor's motion.").

8. To the extent Movants request for reconsideration is based on new evidence the request should be denied because Movants fail to provide any new evidence. Rather, Movants simply rehash evidence already considered by this Court in its determination that conversion was in the best interest of creditors. Andrew Ryan, the Debtor's CEO (Ryan), testified at the Conversion Hearing. Movants state that prior to conversion, Debtor raised funds totaling over $1 million to resume operations and this is an indication that Debtor could resume operations. At the Conversion Hearing, Ryan testified that, without court authority, Debtor raised commitments of over $1 million postpetition, but only received a portion of those funds as of the date of the Conversion Hearing. Movants' facts were already introduced at the Conversion Hearing, and these facts were specifically cited by this Court not only as supporting a finding of cause, but also as to why conversion was warranted rather than dismissal. That evidence was disclosed and considered by the Court and is not newly discovered or represents a manifest injustice.

9. Movants further provide that upon information and belief, Debtor secured commitments from a majority of its creditors to forebear from collections while Debtor restarts its business if the case is dismissed. Movants provide no evidence as to who those creditors are, and whether the number of creditors and their financial commitments is sufficient to allow Debtor to restart its business. However, Ryan testified at the Conversion Hearing that he had discussions with creditors regarding operating the business outside of bankruptcy, and the Court considered this evidence already in making its determination that conversion is in the best interest of the estate and creditors.

10. Movants also state that the "principal asset of the estate" consists of warrants in over 5,000 companies, and, with no support, state that the assets can only be sold by a qualified investment banker and that there may be national security limitations to selling the warrants in

6

bulk. Movants fail to mention that the Debtor deliberately omitted the "principal asset of the estate" from its schedules or any filing in the bankruptcy, as testified to by Ryan at the Conversion Hearing. Ryan testified extensively regarding these warrants, also saying that a sale of the warrants would require a highly specialized individual to conduct the sale. This is not newly discovered evidence. The Court was aware of the existence of the warrants, their potential value, and the potential difficulty to conduct a sale, and considered such in its determination that conversion was in the best interests of creditors and the estate.

11. Furthermore, the need for a qualified investment banker does not mean the case should not be converted. The Chapter 7 trustee may hire a qualified investment banker if the Chapter 7 trustee believes one is required.

12. Movants, without providing evidence, state that a "significant number" of creditors signed statements supporting dismissal but none of these statements were presented to the court. Movants further allege that the creditors were denied the opportunity to appear and be heard on whether the case should be dismissed or converted because the notice of the Conversion Hearing was not reasonably calculated to provide notice of the hearing. Again, Movants' argument is unclear and fails to support reconsideration. Movants claim creditors had notice and time to sign statements to support dismissal, which invalidates their assertion that creditors did not have notice of the hearing or the subject.

13. In any event, the record does not support Movants' position, or the relief requested. Creditors had adequate notice as demonstrated by the fact that there were over 100 attendees on Webex for the Conversion Hearing and at least one creditor hired counsel who appeared and examined Ryan at the Conversion Hearing. Movants presumably also attended as the Motion to Reconsider makes allegations about what occurred at the hearing, yet Movants did not make an

7

appearance, take a position, or provide any statement. To the extent these allegations by the Movants are an attempt to argue a manifest injustice based on the way in which this Court conducted its docket and the Conversion Hearing, Movants failed to meet their burden and the Court should deny the Motion to Reconsider.

14. Movants failed to meet their burden of proof under Federal Rule of Bankruptcy Procedure 9023 and Federal Rule of Civil Procedure 59(e) by failing to establish any newly discovered evidence, intervening change in controlling law, clear error of law, or manifest injustice that warrants reconsideration. The Court considered the totality of the evidence and argument provided at the Conversion Hearing, and addressed the factors and weighed the totality of the circumstances when it decided to convert this case to Chapter 7. Movants, unhappy with the result, just rehash evidence already considered by this Court and improperly challenge the way this Court conducts its docket, none of which meets the standard for reconsideration under Federal Rule of Bankruptcy Procedure 9023, Federal Rule of Civil Procedure 59(e), and Fifth Circuit law. Because the Movants failed to meet their burden, the Court should deny the Motion to Reconsider.

### III. CONCLUSION

For the foregoing reasons, the U.S. Trustee requests that the Court deny the Motion to Reconsider Order Converting Case to One Under Chapter 7 and granting such other and further relief as the Court deems appropriate under applicable law.

Dated: May 22, 2023         KEVIN M. EPSTEIN
United States Trustee Region 7
Southern and Western Districts of Texas

By:    */s/ Shane P. Tobin*
Shane P. Tobin
Trial Attorney
CA State Bar No. 317282
903 San Jacinto Blvd., Room 230
Austin, Texas 78701
Telephone: (512) 916-5328
Fax: (512) 916-5331
Shane.P.Tobin@usdoj.gov

# **CERTIFICATE OF SERVICE**

      I hereby certify that on May 22, 2023 a true and correct copy of the foregoing **OBJECTION OF THE UNITED STATES TRUSTEE TO MOTION TO RECONSIDER ORDER CONVERTING CASE TO ONE UNDER CHAPTER 7** were served via the manner indicated upon the parties listed below and by electronic means for all Pacer system participants.

By: /s/ *Shane P. Tobin*
    Shane P. Tobin
    Trial Attorney

**Movants' Counsel (via email)**
Stephen W. Sather
Barron & Newburger, PC
7320 N MoPac Expy, Suite 400
Austin, TX 78731
ssather@bn-lawyers.com

**Debtor's Counsel (via email)**
Robert Chamless Lane
The Lane Law Firm, PLLC
6200 Savoy Dr, Suite 1150
Houston, TX 77036
chip.lane@lanelaw.com

**Debtor (via first-class mail)**
Astralabs, Inc.
979 Springdale Road, Suite #123
Austin, TX 78723

**Chapter 7 Trustee's Proposed Counsel (via email)**
Jay Ong
Munsch Hardt Kopf & Harr, P.C.
1717 West 6th Street
Suite 250
Austin, TX 78703
jong@munsch.com

**Chapter 7 Trustee (via email)**
Randolph Osherow
342 W Woodlawn, Suite 100
San Antonio, TX 78212
rosherow@hotmail.com