UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 23-10164-SMR |
| | § | |
| ASTRALABS, INC. | § | (Chapter 7) |
| Debtor | § | |

### MOTION TO RECONSIDER ORDER CONVERTING CASE TO ONE UNDER CHAPTER 7

**This pleading requests relief that may be adverse to your interests.**

**If no timely response is filed within 21 days from the date of service, the relief requested herein may be granted without a hearing being held.**

**A timely filed response is necessary for a hearing to be held.**

TO THE HONORABLE SHAD M. ROBINSON, UNITED STATES BANKRUPTCY JUDGE:

Thomas Dolezal, Matthew Kelly, Casey Melcher and Hasan Ugur Koyluoglu, creditors and parties in interest, file this Motion to Reconsider Order Converting Case to One Under Chapter 7 because they contend that the notice of hearing provided was deficient under the due process clause of the 5th Amendment and denied the vast majority of the parties justice in this matter.

### Jurisdiction and Venue

1. The Court has jurisdiction over this matter under 28 U.S.C. §§ 1334 and 157. This is a core proceeding under 28 U.S.C. § 157.

2. Venue is proper before this Court under to 28 U.S.C. §§ 1408 and 1409.

3. The Statutory predicates for the relief requested are Fed. R. Bankr. Pro. 9023 and 9024.

4. Movant Thomas Dolezal is a creditor with a filed claim in the amount of $52,117.48 (#__-1). Movant Matthew Kelly is a creditor with a filed claim (#45-1) in the amount of $93,042.22. Movant Casey Melcher is a creditor with a filed claim (#63-1) in the amount of $21,037.56. Movant Hasan Ugur Koyluoglu is a creditor with a filed claim (#94) in the amount of $200,000.00.

## Background

5. Debtor filed the above-captioned chapter 11 bankruptcy case on March 17, 2023, as a case under Chapter 11, Subchapter V, of the U.S. Bankruptcy Code. Eric Terry was appointed as Subchapter V Trustee.

6. On May 10, 2023, the U.S. Trustee filed a Motion to Dismiss or Convert and a Motion to Expedite Hearing. On May 11, 2023 at 8:13:39, the U.S. Trustee filed a notice of hearing to take place at 1:30 p.m. that same day.

7. The Court held a hearing on May 11, 2023, via its Webex remote hearing system.

8. On May 12, 2023, an order was entered converting the case to Chapter 7 at Doc [89] (the "Conversion Order"), and Randolph N. Osherow was appointed as interim Chapter 7 Trustee. Mr. Terry was removed as Subchapter V Trustee on the same date.

9. Mr. Melcher lives in Milwaukee, Wisconsin; Mr. Kelly lives in Los Altos, California; Mr. Dolezal lives in Akron, Ohio; and Mr. Koyluoglu lives in Princeton, NJ.

10. Debtor has over 230 creditors. One small creditor representing $3,000 appeared, but almost all of the significant creditors wish to weigh in regarding the appropriateness of dismissal versus conversion. Many of these creditors have signed statements supporting dismissal rather than conversion and are in support of this motion.

11. Debtor operated an Austin-based company that operates two virtual programs – an incubator and an accelerator that provided early-stage founders and companies with the tools and skills to build, scale, and fund their startup; upon completion of the program, Debtor connected the founder customer to investors. Upon information and belief, Debtor is able to resume operations if the case is dismissed rather than converted. Further, upon information and belief, the Debtor has secured commitments from a majority of its creditors to forebear from collections while the Debtor restarts its business if the case is dismissed from bankruptcy.

12.     The principal asset of the estate consists of warrants in over 5,000 companies. These are sophisticated financial instruments, and it is unclear that the Trustee is able to administer these assets in a way that maximizes value for all stakeholders. The Debtor would be able to do so outside of bankruptcy.

### Relief Requested

13.     The Movants pursuant to Fed. R. Civ. P. 59 and 60 (applicable through Fed. R. Bankr. P. 9023 and 9024), move the Court to reconsider the Conversion Order and hold a hearing to consider dismissal as the option which is in the best interests of creditors and the estate.

### Argument and Authorities

**A. The Court should grant the movants relief from the Order under Fed. R. Civ. Pro. 9024 because the order is void for failure of notice and/or because the U.S. Trustee did not provide proper notice.**

14.     Federal Rule of Bankruptcy Procedure 9024 incorporates Federal Rule of Civil Procedure 60, which authorizes a court to grant relief from a judgment, order, or proceeding for the following reasons: (i) mistake, inadvertence, surprise, or excusable neglect; (ii) newly discovered evidence; (iii) fraud (whether intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (iv) the judgment is void; (v) the judgment has been satisfied, released, or discharged; or (vi) any other reason that justifies relief. See FED. R. BANKR. P. 9024; FED. R. CIV. P. 60(b). Rule 60 should be liberally construed so that judgments will reflect the true merits of a case. 11 FED. PRAC. & PROC. CIV. § 2853.

15.     The Court should grant the Movants the requested relief for several reasons. First, as demonstrated above, the U.S. Trustee did not give proper and timely notice of the motion to convert or dismiss.

16.     Proper notice under the due process clause of the Fifth Amendment must be reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and

to afford them an opportunity to present their objections. *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 94 L. Ed. 865, 70 S. Ct. 652 (1950). If the notice is inadequate, then the order is void. *Owens-Corning Fiberglass, Inc. v. Center Wholesale, Inc. (In re Center Wholesale, Inc.)*, 759 F.2d 1440, 1448 (9th Cir. 1985).

17. Movants did not learn of the hearing until after it had occurred.

18. Rule 60(b)(3) authorizes the court to grant relief from an order that resulted from fraud, misrepresentation, and other misconduct. Fed. R. Civ. P. 60(b)(3). "Fraud and circumvention in obtaining a judgment are ordinarily sufficient grounds for vacating a judgment, particularly if the party was prevented from presenting the merits of his case." 11 FED. PRAC. & PROC. CIV. § 2860. The conduct complained of must have prevented the losing party from fully and fairly presenting its case or defense. *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1339 (5th Cir.1978). "Misconduct, as used in Rule 60(b)(3), does not require a showing of nefarious intent or purpose as a prerequisite to redress." *In re Hence*, No. 06-32451-H4-13, 2007 Bankr. LEXIS 4156, at *30 (Bankr. S.D. Tex. Dec. 5, 2007). The term can cover even accidental omissions and "depending on the circumstances, relief on the ground of misconduct may be justified whether there was evil, innocent or careless, purpose." *Id*.

19. The U.S. Trustee's approach to the Motion, the notice, and the hearing, while obviously not nefarious, was done without sufficient investigation. It appears that the U.S. Trustee was acting on information from a party who had been recently terminated by the Debtor, and from a few disgruntled employees. There was no emergency that necessitated action on one-day notice.

20. With regard to the present matter, the U.S. Trustee's failure to serve Notice of the Motion timely on the creditors via any other method besides mail, though not likely nefarious, does constitute misconduct under the rule, because it prevented the Creditors from timely and fairly presenting their evidence of the best interest of the creditors and the estate. As such, the Movants are entitled to relief under Rule 60(b)(3) to present their evidence. It is respectfully requested that relief

should be granted from the Conversion Order so that the Movants may present their objection and, to the extent necessary, have a hearing thereon with the Court rendering a final determination on dismissal versus conversion.

21. To the extent the Court concludes that Rule 60(b)(3) and the deficiencies above do not warrant reconsideration of the Conversion Order, in the alternative, Movants asserts that that their failure to file a timely objection to Motion to Convert was the result of excusable neglect. Rule 60(b)(1) authorizes the Court to grant relief from an order that resulted from excusable neglect. Fed. R. Civ. P. 60(b)(1). Excusable neglect is liberally construed, especially in those instances where the order or judgment forecloses trial on the merits of a claim. In re Resources Reclamation Corp. of Amer., 34 B.R. 771, 773 (9th Cir. B.A.P. 1983). In considering whether there was "excusable neglect," courts consider the following factors: (i) danger of prejudice to the debtor; (ii) the length of delay and its potential impact on judicial proceedings; (iii) the reason for delay, including whether it was within the reasonable control of the movant; (iv) whether the movant acted in good faith; and (v) whether the clients should be penalized for the mistakes of their counsel. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). "[T]he determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the parties' omission." *Id*. In the matter at hand, consideration of these factors in light of all of the deficiencies detailed above demonstrates that to the extent there was any neglect on the part of the Movants with respect to objecting to the Motion to Convert, such neglect was certainly excusable. Quite simply, Movants had no notice of the fact that the Debtors were seeking to convert the case within an amount of time that they could marshall a defense. The Motion was filed on one day notice, and notice of the hearing was filed on six hours' notice. For these reasons, the requested relief is also warranted under Rule 60(b)(1).

**B. Alternatively, the Court should amend the Order under Fed. R. Bankr. Proc. 9023.**

22. Fed. R. Bankr. Pro. 9023 incorporates Fed. R. Civ. Proc. 59, which allows a party to

correct manifest errors of law or fact or to present newly discovered evidence. See FED. R. CIV. P. 59(e); FED. R. BANKR. P. 9023; *In re Good*, 413 B.R. 552, 556 (Bankr. E.D. Tex. 2009). A "manifest error" is an obvious mistake or departure from the truth. *Id*. at 557. The Conversion Order is a manifest error because, as discussed above the Claimants were not afforded the full procedural due process rights embodied in the Bankruptcy Code and Federal Rules of Bankruptcy Procedure. The failure to comply with procedural due process requirements is a manifest error and the Court should vacate or amend the Conversion Order in order to allow the Movants to present their evidence.

23. Rule 59(a)(1)(B) states that the court may reconsider its order "for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court." The Fifth Circuit has cited a failure of the court to do "substantial justice" *Sibley v. Lemaire*, 184 F.3d 481, 487 (5th Cir. 1999) as being a basis for reconsideration. The Circuit has further stated that "Rule 59 gives the trial judge ample power to prevent what he considers to be a miscarriage of justice. . . . Courts do not grant new trials unless it is reasonably clear that prejudicial error has crept into the record or that substantial justice has not been done, and the burden of showing harmful error rests on the party seeking the new trial. Ultimately the motion invokes the sound discretion of the trial court." *Del Rio Distrib., Inc. v. Adolph Coors Co.*, 589 F.2d 176, 179 n.3. (5th Cir. 1979). In this case, the Movants were denied the right to prepare for the hearing and because of this believe that creditor and stakeholder value was destroyed by the U.S. Trustee's misguided motion and the Court's hasty hearing.

                Respectfully submitted,

                BARRON & NEWBURGER PC
                7320 N. MoPac Expressway, Ste. 400
                Austin, Texas 78731
                Telephone: (512) 649-3243

                By /s/ Stephen Sather
                  Stephen Sather
                  State Bar No 17657520
                  ATTORNEY FOR MOVANTS

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was served by electronic mail transmission to the following parties by CM/ECF on May 25, 2023:

Astralabs, Inc.
979 Springdale Road, Suite #123
Austin, TX 78723

Cleveland R Burke
Holland & Knight
100 Congress Avenue
Ste 1800
Austin, TX 78701
cleveland.burke@hklaw.com

Lisa C. Fancher
Fritz Byrne, PLLC
221 W 6th St
Ste 960
Austin, TX 78701
lfancher@fritzbyrne.law

Shanna M Kaminski
Kaminski Law, PLLC
P.O. Box 247
Grass Lake, MI 49240
skaminski@kaminskilawpllc.com

Robert Chamless Lane
The Lane Law Firm, PLLC
6200 Savoy Dr, Suite 1150
Houston, TX 77036
chip.lane@lanelaw.com

Ryan Lott
The Lott Firm, PLLC
501 Congress Avenue, Suite 150
Austin, TX 78701

Jay Ong
Munsch Hardt Kopf & Harr, P.C.
1717 West 6th Street
Suite 250
Austin, TX 78703
jong@munsch.com

Randolph Osherow
342 W Woodlawn, Suite 100
San Antonio, TX 78212
rosherow@hotmail.com

John Mark Stern
Texas Attorney General's Office
P. O. Box 12548
Austin, TX 78711-2548
bk-jstern@oag.texas.gov

Eric Terry
Eric Terry Law, PLLC
3511 Broadway
San Antonio, TX 78209
eric@ericterrylaw.com

Shane P. Tobin
903 San Jacinto Blvd.
Room 230
Austin, TX 78701
shane.p.tobin@usdoj.gov

/s/Stephen W. Sather
Stephen W. Sather