UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
KEVIN M. EPSTEIN
UNITED STATES TRUSTEE
GARY WRIGHT
ASSISTANT UNITED STATES TRUSTEE
SHANE P. TOBIN
TRIAL ATTORNEY
903 SAN JACINTO BLVD., ROOM 230
AUSTIN, TX 78701
Telephone: (512) 916-5348
Fax: (512) 916-5331

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| | § | |
| ASTRALABS, INC., | § | CASE NO. 23-10164-SMR |
| | § | |
| DEBTOR. | § | CHAPTER 11 |

**OBJECTION OF THE UNITED STATES TRUSTEE TO MOTION TO RECONSIDER**
**ORDER CONVERTING CASE TO ONE UNDER CHAPTER 7**

TO THE HONORABLE SHAD M. ROBINSON,
UNITED STATES BANKRUPTCY JUDGE:

KEVIN M. EPSTEIN, THE UNITED STATES TRUSTEE for Region 7 (the U.S. Trustee), hereby objects to the Motion to Reconsider Order Converting Case to One Under Chapter 7 (Motion to Reconsider) [Dkt. # 119] filed by creditors Thomas Dolezal, Matthew Kelly, Casey Melcher, and Hasan Ugur Koyluoglu (collectively, Movants). The Movants did not meet the standards for reconsideration under the Bankruptcy Code, Bankruptcy Rules, or case law. The U.S. Trustee requests that the Court deny the Motion to Reconsider without further notice or hearing as authorized under L. Rule 9014(d) so that the Chapter 7 Trustee can proceed with administering this case. In support of this objection, the U.S. Trustee respectfully shows the Court the following:

1

## BACKGROUND

1. On May 10, 2023, the U.S. Trustee filed a Motion to Convert Case to a Case Under Chapter 7, or, in the Alternative, Dismiss Case (Motion to Convert) at docket # 83. Also on May 10, 2023, the U.S. Trustee filed a Motion to Expedite Hearing on the Motion to Convert at docket # 84. The U.S. Trustee provided adequate notice of both motions as required by the local rules. That same day, the Court set an expedited hearing on the Motion to Convert for May 11, 2023, at 1:30 p.m., the same time as the already-scheduled Subchapter V status hearing. On May 11, 2023, the U.S. Trustee filed a notice of expedited hearing at docket # 87 (Notice of Hearing) and provided notice of the expedited hearing as required by the applicable local rules.

2. On May 11, 2023, at 1:30 p.m., the Court held a hearing on the Motion to Convert (Conversion Hearing). At the Conversion Hearing, the Court heard argument from the U.S. Trustee, the Subchapter V Trustee, the Debtor, and at least one creditor. The Court also heard testimony from Andrew Ryan (Ryan), the CEO of Debtor, who was examined by the U.S. Trustee, the Subchapter V Trustee, the Debtor, and at least one creditor. The Conversion Hearing, held via Webex, was attended by over 100 people. At the Conversion Hearing, the Court asked for all appearances, and no Movant appeared, asked questions, or made any statement.

3. After taking evidence, including the testimony of Ryan and taking judicial notice of prior motions and hearings in which Debtor sought permission to pay prepetition wages after having already made the payment, and hearing argument, the Court found (1) that the U.S Trustee established cause to convert or dismiss under 11 U.S.C. § 1112(b) and (2) that conversion was in the best interests of creditors and the estate, and issued an oral ruling granting the Motion to Convert and converting the case to one under Chapter 7.

4. In its order converting the case to one under Chapter 7, the Court found that cause existed to dismiss or convert the case under § 1112(b) for the reasons stated on the record during the hearing on May 11, 2023, including because Debtor: (1) has insufficient cash on hand and current revenue to pay its expenses, including payroll and related expenses, (2) lost a substantial number of employees, (3) dissolved the board of directors and terminated multiple executives, (4) incurred and paid postpetition debt without seeking court approval and in violation of the cash collateral order, (5) continues to raise additional funding without seeking court authority, and (6) deliberately omitted assets from its schedules. Dkt. # 89. The Court further found that it was in the best interests of creditors and the estate to convert the case to a case under Chapter 7 of Title 11 of the United States Code. *Id.*

5. On May 18, 2023, Movants, other than Hasan Ugur Koyluoglu, filed their first Motion to Reconsider Order Converting Case to One Under Chapter 7 (First Motion to Reconsider) [Dkt. # 104] and requested an expedited hearing because otherwise "the Chapter 7 trustee will begin administering the assets of the estate to the detriment of the creditors." Dkt. # 105, para. 2. Movants withdrew the First Motion to Reconsider the same day as the expedited hearing.

6. On May 26, 2023, Movants filed the Motion to Reconsider, on 21-day negative notice. Dkt. # 119.

**OBJECTION**

7. The Court should deny the Motion to Reconsider because it does not meet the standards under Federal Rule of Bankruptcy Procedure 9024 and Federal Rule of Civil Procedure 60 to grant relief from an order. Movants have not established misconduct under Fed. R. Civ. P. 60(b)(3) or excusable neglect under Fed. R. Civ. P. 60(b)(1). The Movants did not argue there was any technical inadequacy in the service of the Motion to Convert or Notice of Hearing, just that

3

the timing of the notice did not provide Movants with sufficient time to appear and present their case. Expedited hearings are specifically authorized under L. Rule 9014 and routinely set on one-day notice. There was more than sufficient cause for an expedited hearing on the Motion to Convert, and both Debtor and the Subchapter V trustee did not oppose an expedited hearing. Dkt. # 84, para. 3.

8. Movants provide no new evidence or facts in the Motion to Reconsider that would warrant reconsideration, instead arguing facts this Court already heard and considered prior to making its ruling. Ryan testified at the Conversion Hearing on behalf of Debtor, and was examined by Debtor's counsel, the U.S. Trustee, the Subchapter V trustee, and one creditor's counsel. Debtor in closing argument agreed cause existed under § 1112(b) and argued that dismissal was in the best interest of the estate and creditors. Of the other 100 people at the hearing, no other party chose to examine the witness or present their case. No party was denied their right of due process as they could have appeared and presented their case. The Court, after considering the evidence and arguments, agreed with the U.S. Trustee and Subchapter V trustee that conversion was in the best interests of the estate and creditors. Movants may not simply relitigate issues previously raised because they disagree with the Court. Movants do not provide any reasons as to how an argument from them would change the Court's analysis of the factors weighing conversion against dismissal.

9. The U.S. Trustee's service of the Motion to Convert and Notice of Hearing was compliant with the applicable rules of procedure and does not constitute misconduct. Movants allege no new facts or new law that Debtor did not already raise at the Conversion Hearing. Therefore, the Movants failed to meet their burden Federal Rule of Bankruptcy Procedure 9024 and Federal Rule of Civil Procedure 60 and the Court should deny the Motion to Reconsider.

10. The Court should also deny the Motion to Reconsider because Movants failed to meet the standard for reconsideration under Federal Rule of Bankruptcy Procedure 9023 as Movants have not established any newly discovered evidence, intervening change in controlling law, clear error of law, or manifest injustice that warrants reconsideration.

11. Movants made no argument that the Court made a mistake in converting the case. Movants did not provide any new facts to indicate that anything in the record was a departure from the truth. Instead, Movants again argue that they were not provided procedural due process, though they provide no evidence or argument that the U.S. Trustee's service of the Notice of Hearing violated any rules or procedures.

12. The Court considered the totality of the evidence and argument provided at the Conversion Hearing, and addressed the factors and weighed the totality of the circumstances when it decided to convert this case to Chapter 7. Movants, unhappy with the result, just rehash evidence already considered by this Court and improperly challenge the way this Court conducts its docket. Nothing presented in the Motion to Reconsider meets the standard for reconsideration under Federal Rule of Bankruptcy Procedure 9023, Federal Rule of Civil Procedure 59, and Fifth Circuit law. Because the Movants failed to meet their burden, the Court should deny the Motion to Reconsider.

### III. CONCLUSION

For the foregoing reasons, the U.S. Trustee requests that the Court deny the Motion to Reconsider Order Converting Case to One Under Chapter 7 and granting such other and further relief as the Court deems appropriate under applicable law.

Dated: June 16, 2023

KEVIN M. EPSTEIN
United States Trustee Region 7
Southern and Western Districts of Texas

By: */s/ Shane P. Tobin*
Shane P. Tobin
Trial Attorney
CA State Bar No. 317282
903 San Jacinto Blvd., Room 230
Austin, Texas 78701
Telephone: (512) 916-5328
Fax: (512) 916-5331
Shane.P.Tobin@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 16, 2023 a true and correct copy of the foregoing **OBJECTION OF THE UNITED STATES TRUSTEE TO MOTION TO RECONSIDER ORDER CONVERTING CASE TO ONE UNDER CHAPTER 7** were served via the manner indicated upon the parties listed below and by electronic means for all Pacer system participants.

By: /s/ *Shane P. Tobin*
Shane P. Tobin
Trial Attorney

**Movants' Counsel (via email)**
Stephen W. Sather
Barron & Newburger, PC
7320 N MoPac Expy, Suite 400
Austin, TX 78731
ssather@bn-lawyers.com

**Debtor's Counsel (via email)**
Robert Chamless Lane
The Lane Law Firm, PLLC
6200 Savoy Dr, Suite 1150
Houston, TX 77036
chip.lane@lanelaw.com

**Debtor (via first-class mail)**
Astralabs, Inc.
979 Springdale Road, Suite #123
Austin, TX 78723

**Chapter 7 Trustee's Proposed Counsel (via email)**
Jay Ong
Munsch Hardt Kopf & Harr, P.C.
1717 West 6th Street
Suite 250
Austin, TX 78703
jong@munsch.com

**Chapter 7 Trustee (via email)**
Randolph Osherow
342 W Woodlawn, Suite 100
San Antonio, TX 78212
rosherow@hotmail.com