UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | Case No. 23-10164-smr |
| ASTRALABS Inc. | § | |
| | § | Chapter 11 |
| DEBTOR. | § | |
| | § | |

**OBJECTION TO TRUSTEE'S MOTION TO REJECT
NON-RESIDENTIAL REAL PROPERTY (DOC. 130)**

TO THE HONORABLE UNITED STATES BANKRUPTCY COURT:

3423 Holdings, LLC ("***Landlord***") files this Objection to the Trustee's Motion to Reject Non-Residential Real Property (Doc. 130) and would respectfully show the Court as follows:

1. Landlord does not object to the rejection of the Debtor's lease of the property owned by Landlord ("***Property***") or to the abandonment of the personal property in the leased premises. However, Landlord objects to the request for retroactive rejection to the Conversion Date, May 12, 2023, which would effectively deny Landlord compensation for the Trustee's use of the Property.

2. Immediately following the conversion of this case and the appointment of the Trustee, Landlord's counsel contacted the Trustee to discuss how to handle the Property in light of the contentious circumstances under which the conversion occurred. Landlord and its counsel continued to work proactively and cooperatively with the Trustee and his counsel to secure the Property and to provide access to the Property to the Trustee. Although the Trustee and the Landlord agreed that the Debtor should be locked out of the Property, the locks were actually changed by the Debtor's interim CFO.

3. The Trustee had access to and the use of the Property from the Conversion Date to June 7, 2024, when his counsel turned over the keys to the Property. The Trustee and his representatives made extensive use of the Property to review and retrieve the Debtor's business records, remove and copy the content of computers and data storage equipment, and inspect and evaluate the personal property left in the premises for liquidation.

4. The Trustee's counsel repeatedly requested that the Trustee be permitted to remain on the Property for an extended period of time (ultimately requesting to remain through the end of July) in exchange for reduced rent in order to permit the liquidation of the personal property. Landlord, in reliance upon the Trustee's agreement to pay $25,000 rent for the Property, agreed to his requests and did not seek to recover and re-let the Property.

5. The Trustee subsequently changed his mind and elected to surrender the Property on two days' notice, revoking his agreement to pay rent.

6. It is inaccurate and disingenuous for the Trustee to suggest that the Estate received no benefit from the Property or that Landlord would not be prejudiced by the request to make the rejection retroactive. It is likewise inaccurate to allege that the Landlord asserted control of the Property and had the opportunity to market it, given the agreement reached with the Trustee to allow him to occupy the Property through the end of July.

7. Accordingly, it would be neither fair nor equitable for the rejection to be made retroactive to the Conversion Date.

THEREFORE, Landlord requests that the Court deny the Motion insofar as it requests retroactive rejection, and further requests such other and further relief to which it may be justly entitled.

Respectfully submitted,

**FRITZ BYRNE, PLLC**
221 West Sixth Street, Suite 960
Austin, Texas 78701
Telephone: (512) 476-2020
Telecopier: (512) 477-5267

By: /s/ *Lisa C. Fancher*
Lisa C. Fancher
Texas State Bar No. 06800275
lfancher@fritzbyrne.law
Daniel H. Byrne
Texas State Bar No. 03565600
dbyrne@frtizbyrne.law

**ATTORNEYS FOR 3423 HOLDINGS, LLC**

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of this Objection is being served by ECF on June 30, 2023, on all parties registered to receive notice in this case, including:

Jay H. Ong
Thanhan Nguyen
MUNSCH HARDT KOPF & HARR, P.C.
1717 West 6th Street, Suite 250
Austin, Texas 78703
**Proposed Counsel For Randolph N. Osherow, Chapter 7 Trustee**

/s/ *Lisa C. Fancher*
Lisa C. Fancher