

**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: July 11, 2023.**

_____
**SHAD M. ROBINSON**
**UNITED STATES BANKRUPTCY JUDGE**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Case No. 23-10164-smr |
| ASTRALABS, INC., | § | |
| | § | Chapter 7 |
| Debtor. | § | |

**ORDER GRANTING TRUSTEE'S MOTION TO REJECT CUSTOMER RELATIONSHIP AGREEMENT WITH ARAMARK REFRESHMENT SERVICES, LLC**

CAME ON FOR CONSIDERATION the *Trustee's Motion to Reject Customer Relationship Agreement with Aramark Refreshment Services, LLC* (the "Motion") filed by Randolph N. Osherow, not individually but in his capacity as the duly appointed chapter 7 trustee (in such capacity, the "Trustee"), for and on behalf of ASTRALABS, Inc. (the "Debtor").[1] After having considered the Motion and the record before it, and finding that no objections to the Motion have been filed, the Court further finds that: (i) it has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding pursuant to 28 U.S.C.

---

[1] Capitalized terms used herein, not otherwise defined, shall be given the meaning ascribed in the Motion.

§ 157(b)(2); (iii) the relief requested in the Motion is in the best interests of the Debtor, its Estate, and its creditors; (iv) proper and adequate notice of the Motion has been given and no other or further notice is necessary; and (v) upon the record herein after due deliberation thereon, good and sufficient cause exists for the granting of the relief as set forth herein. Therefore,

**IT IS HEREBY ORDERED THAT**:

1. The Motion is **GRANTED** as set forth herein.

2. Pursuant to Bankruptcy Code section 365 and Bankruptcy Rule 6006, the Customer Relationship Agreement between Debtor ASTRALABS, Inc. and Aramark Refreshment Services, LLC, dated as of March 16, 2023 (the "Agreement"), is hereby rejected effective as of May 12, 2023, without further order of the Court and without the need for further action by the Trustee, the Debtor, or any other party.

3. Any claims based on the rejection of the Agreement shall be filed by the latter of: (a) August 25, 2023, which date has been established as the last date for the timely filings of pre-petition claims generally; and (b) the first business day that is at least thirty (30) calendar days following the date of entry of this Order.

4. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, or 9014, the terms and conditions of this Order shall be effective immediately and enforceable upon its entry.

5. To the extent this Order is inconsistent with any prior order or pleading with respect to the Motion in this Bankruptcy Case, the terms of this Order shall govern.

6. The Trustee is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

7. The Court hereby retains jurisdiction over any and all issues arising from or relating to the implementation and interpretation of this Order.

# # #

<u>Order respectfully submitted by (agreed as to form and substance)</u>:

Jay H. Ong
Texas Bar No. 24028756
Thanhan Nguyen
Texas Bar No. 24118479
MUNSCH HARDT KOPF & HARR, P.C.
1717 West 6th Street, Suite 250
Austin, Texas 78703
Telephone: (512) 391-6100
Facsimile: (512) 391-6149