

**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: July 24, 2023.**

_____
**SHAD M. ROBINSON
UNITED STATES BANKRUPTCY JUDGE**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| In re: | § § | |
| ASTRALABS, INC., | § § | Case No. 23-10164-smr |
| | § § | Chapter 7 |
| Debtor. | § | |

**AMENDED SECOND INTERIM ORDER (A) GRANTING TRUSTEE'S MOTION TO (I) AUTHORIZE SERVICE ON CERTAIN PARTIES BY E-MAIL, AND (II) APPROVE THE FORM OF E-MAIL NOTICE, AND (B) AUTHORIZING FILING UNDER SEAL**

CAME ON FOR CONSIDERATION the *Motion to (I) Authorize Service on Certain Parties by E-mail and (II) Approve the Form of E-Mail Notice* [Docket No. 155] (the "Motion")[1] filed by Randolph N. Osherow, not individually but in his capacity as the duly appointed chapter 7 trustee (in such capacity, the "Trustee"), for and on behalf of ASTRALABS, Inc. (the "Debtor") under the above-captioned chapter 7 bankruptcy case (the "Bankruptcy Case"). After having considered the Motion and the record before it, and including for the reasons stated in the Motion and by the Court on the record, the Court finds and determines that: (i) the Court has jurisdiction

---

[1] Capitalized terms used herein, not otherwise defined, shall be given the meaning ascribed in the Application.

over this matter pursuant to 28 U.S.C. § 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (iii) the Court may enter a final order consistent with Article III of the United States Constitution; (iv) venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; (v) the legal and factual bases stated by the Court on the record establish cause for the relief granted herein; and (vi) the relief requested in the Motion and granted in this Second Interim Order is in the best interests of the Debtor, its estate, creditors, and all parties-in-interest; therefor, IT IS HEREBY ORDERED ON AN INTERIM BASIS THAT:

1. The Motion is granted on an INTERIM basis as set forth herein.

2. The Trustee is authorized to transmit and serve, via e-mail transmission, the proposed form of notice, attached hereto as **Exhibit "A"** and incorporated herein by reference for all purposes (the "Notice"), upon all known creditors, equity interest holders, issuers of warrants, customers, executory contract and lease counterparties, and other parties-in-interest (collectively, the "Service Parties") using the Trustee's most recent existing records of such parties' e-mail addresses obtained from the Debtor (the "Sealed Matrix").

3. Under and in connection with the Trustee's corresponding certificate of service of such Notice upon the Service Parties, the Trustee shall not publicly file the Sealed Matrix or individually identify any Service Parties contained therein other than by name (not including any contact information or any other personal identifying information) or as otherwise shown on the existing official service matrix filed by the Debtor and maintained in the Bankruptcy Case. Instead, in lieu of publicly filing the Sealed Matrix, the Trustee is hereby authorized to file the Sealed Matrix, and may also file updated versions of the Sealed Matrix from time to time in the Trustee's discretion, under Seal with the Clerk of the Court, and the Clerk shall maintain all such versions of the Sealed Matrix under seal unless and until otherwise ordered by this Court.

4. Pursuant to Local Rule 9018(3)(B), the following entities shall have access to the Sealed Matrix, without needing to submit a request to the Trustee as set forth below: (a) the judge presiding over the case, (b) the law clerk to whom the matter is assigned internally by the presiding judge, (c) the Courtroom Deputy responsible for the matter, (d) the Clerk of the Court, and (e) the presiding judge and staff of any appellate tribunal.

5. Any other party-in-interest wishing to access a copy of the Sealed Matrix may do so solely for the purpose of providing notice and service of any filings made in this particular case by such party and may not request nor attempt to use the Sealed Matrix for any other purpose. Such requests to receive a copy of the Sealed Matrix may be made to the Trustee, in writing, via his undersigned counsel of record, *provided, however,* that all such requests are expressly conditioned on the requesting party signing a copy of the Protective Order attached hereto as **Exhibit "B"** ("Protective Order"), or another written acknowledgement in form reasonably acceptable to the Trustee affirming the requesting party's obligation to comply with the Protective Order. If the Trustee refuses or declines the request for any reason, the requesting party may file a motion before this Court requesting such access and asking that such request be heard on an expedited or emergency basis. The Trustee and Estate shall have no liability for any such determination and requesting parties should afford the Trustee a reasonable time to respond to a request under the particular circumstances.

6. Pending further Order of this Court providing otherwise, the Trustee and all parties-in-interest wishing to certify the provision of service or notice provided in this case to any or all parties, persons, and entities whose contact information is disclosed in this case only on the Sealed Matrix are hereby authorized to materially certify as follows, and as applicable:

> As expressly authorized by the Court and by [his / her] signature below, the undersigned hereby certifies that [s/he] personally caused to be served a true and

3

correct copy of this document on [DATE], via [e-mail and/or mail] transmission upon the parties listed at Official Docket No. [BLANK].

OR

As expressly authorized by the Court and by [his / her] signature below, the undersigned hereby certifies that [s/he] personally caused to be served a true and correct copy of this document on [DATE], via [e-mail and/or mail] transmission upon the [party / parties] listed below, and using such [party's / parties'] contact information listed at Official Docket No. [BLANK].

7. Notice and service in this case to and upon the Service Parties is hereby AUTHORIZED on an interim basis and the service requirements of Bankruptcy Rule 2002(g) are modified to permit e-mail service as set forth in this Order.

8. Pending further Order of this Court providing otherwise, the Trustee shall not disclose the Sealed Matrix in this Bankruptcy Case or provide it to any requesting parties other than as set forth in this Second Interim Order.

9. Nothing in this Order adversely impacts the right or ability of any party-in-interest to request or consent to be included and publicly disclosed for purposes of receiving notice in this case, whether via e-mail, mailing address, or otherwise. Nothing in this Order provides for or requires the sealing, confidentiality, or non-disclosure of any matter that has already been publicly disclosed in this case or otherwise. Nothing in this order supersedes Local Bankruptcy Rule 9013(d).

10. This Interim Order expires under its terms at 11:59 p.m., on August 31, 2023, unless otherwise Ordered by this Court. A Final Hearing to consider the Motion is hereby scheduled to take place Thursday, **August 30, 2023, at 10:00 a.m.**, which hearing shall be conducted in person before the Honorable Shad M. Robinson, Homer J. Thornberry Federal Judicial Building, 903 San Jacinto Blvd., Third Floor, Austin, Texas 78701. The Trustee shall be responsible for notice. The

United States Trustee reserves all rights with respect to the Motion and the relief sought therein on a final basis.

11. The Trustee is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

12. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

# # #

AGREED AS TO FORM:

By: /s/ Jay H. Ong
Jay H. Ong
Texas Bar No. 24028756
Thanhan Nguyen
Texas Bar No. 24118479
MUNSCH HARDT KOPF & HARR, P.C.
1717 West 6th Street, Suite 250
Austin, Texas 78703
Telephone: (512) 391-6100
Facsimile: (512) 391-6149

*Counsel to the Trustee*

By: /s/ Ron Satija
Ron Satija
Texas Bar Number: 24039158
HAYWARD, PLLC
7600 Burnet Rd. Ste. 530
Austin, Texas 78757
(737) 881-7100

*Counsel for Andrew Ryan, Nihar Patel*

By: /s/Robert C. Lane
Robert C. Lane
State Bar No. 24046263
Joshua Gordon
State Bar No. 24091592
THE LANE LAW FIRM, PLLC
6200 Savoy, Suite 1150
Houston, Texas 77036
(713) 595-8200 Voice
(713) 595-8201 Facsimile

*Former Counsel to the Debtor*

By: /s/ Shane P. Tobin
Shane P. Tobin
CA State Bar No. 317282
J. Casey Roy
Texas Bar No. 00791578
903 San Jacinto Blvd., Room 230
Austin, Texas 78701
Telephone: (512) 916-5328
Fax: (512) 916-5331

*Counsel for the U.S. Trustee*

**Exhibit A**
**Form of E-mail Notice**

Subject: In re ASTRALABS, Inc., Case No. 23-10164 (Bankr. W.D. Tex.)

Body: You are receiving this e-mail because you have been identified as a party-in-interest in the bankruptcy case of ASTRALABS, Inc. (the "Debtor"), Case No. 23-10164 (the "Bankruptcy Case") pending in the Bankruptcy Court for the Western District of Texas, Austin Division. **This e-mail contains important information regarding this proceeding.**

On March 17, 2023, the Debtor commenced the Bankruptcy Case by filing a voluntary petition for relief under chapter 11, subchapter V, of the Bankruptcy Code. On May 12, 2023, the Bankruptcy Court entered its order converting the Bankruptcy Case to chapter 7 and appointing the Randolph N. Osherow as the interim Chapter 7 trustee to oversee the administration, operating, and management of the Debtor's estate and its assets, claims, and affairs.

**UNDER FEDERAL LAW, THE CHAPTER 7 TRUSTEE AND HIS PROFESSIONALS AND REPRESENTATIVES ARE THE SOLE PERSONS AUTHORIZED TO ACT ON BEHALF OF ASTRALABS, INC. NO OTHER PARTY, INCLUDING BUT NOT LIMITED TO ANDREW RYAN, HAS ANY AUTHORITY TO ACT ON THE TRUSTEE'S BEHALF UNLESS CONFIRMED BY THE TRUSTEE OR HIS BANKRUPTCY COUNSEL. PARTIES WISHING TO CONTACT THE TRUSTEE SHOULD CONTACT HIS BANKRUPTCY COUNSEL:**

> Jay H. Ong
> Thanhan Nguyen
> MUNSCH HARDT KOPF & HARR, P.C.
> 1717 West 6th Street, Suite 250
> Austin, Texas 78703
> Telephone: (512) 391-6100
> Facsimile: (512) 391-6149
> Email: jong@munsch.com
>          anguyen@munsch.com

The meeting of creditors pursuant to section 341 of the Bankruptcy Code occurred on June 16, 2023, and has been continued to July 28, 2023. A trustee election has been requested pursuant to 11 U.S.C. § 702. *See* attached Notice of Continued First Meeting of Creditors.

The deadline for filing of proofs of claim by any creditor of the Debtor who desires to have his claim allowed so that he may share in any distribution to be paid from the estate is **August 25, 2023**. Claims may be filed using the court's Online Claim Filing System without having to complete a paper proof claim form. This is located on the Bankruptcy Court's Website: http://www.txwb.uscourts.gov.

Should you prefer to receive future notices regarding the Bankruptcy Case by mail rather than by e-mail, please send an e-mail to Trustee's counsel requesting mail notice and provide a mailing address for such notice. Should you have any questions, you may contact the Trustee's counsel.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| In re: | § | |
| | § | Case No. 23-10164-smr |
| ASTRALABS, INC., | § | |
| | § | Chapter 7 |
| Debtor. | § | |

**CONFIDENTIALITY AND PROTECTIVE ORDER**

Before the court is the *Joint Motion for Entry of Confidentiality and Protective Order* ("Protective Order"). After careful consideration, it is hereby ORDERED as follows:

**1.     Classified Information**

"Classified Information" means any information of any type, kind, or character that is designated as "Confidential," "For Counsel Only," or "Attorneys Eyes Only" by any of the supplying or receiving persons, whether it be a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer, or otherwise.

**2.     Qualified Persons**

"Qualified Persons" means:

Page 1 of 11

    a.    For Counsel or Attorneys Only information:

        i.    retained counsel for the parties in this case and their respective staff;

        ii.    actual or potential independent experts or consultants (and their administrative or clerical staff) engaged in connection with this case (which shall not include the current employees, officers, members, or agents of parties or affiliates of parties) who, prior to any disclosure of Classified Information to such person, have signed a document agreeing to be bound by the terms of this Protective Order (such signed document to be maintained by the attorney retaining such person) and have been designated in writing by notice to all counsel;

        iii.    this court and its staff and any other tribunal or dispute resolution officer duly appointed or assigned in connection with this case;

        iv.    the United States Trustee and any representatives thereof.

    b.    For Confidential information:

        i.    the persons identified in subparagraph 2(a);

        ii.    the party, if a natural person;

        iii.    if the party is an entity, such trustees, officers, directors, managers or employees of the party who are actively involved in the prosecution or defense of this case. All such persons must be provided a copy of this Protective Order prior to receiving any disclosure of Confidential information and are deemed to have agreed to be bound by the terms of this Protective Order. Each such receiving party shall be responsible for the compliance of its permitted trustees, officers, directors, managers, employees or agents with the terms and provisions of this Order;

        iv.    litigation vendors, court reporters and other litigation or bankruptcy support personnel;

        v.    any person who was an author, addressee, or intended or authorized recipient of the Confidential information and who agrees to keep the information confidential, provided that such persons may see and use the Confidential information but not retain a copy.

    c.    Such other person as this court may designate after notice and an opportunity to be heard.

3. **Designation Criteria**

a. *Nonclassified Information.* Classified Information shall not include information that either:

   i. is in the public domain at the time of disclosure, as evidenced by a written document;

   ii. becomes part of the public domain through no fault of the recipient, as evidenced by a written document;

   iii. the receiving party can show by written document was in its rightful and lawful possession at the time of disclosure; or

   iv. lawfully comes into the recipient's possession subsequent to the time of disclosure from another source without restriction as to disclosure, provided such third party has the right to make the disclosure to the receiving party.

b. *Classified Information.* A party shall designate as Classified Information only such information that the party in good faith believes in fact is confidential. Information that is generally available to the public, such as public filings, catalogues, advertising materials, and the like, shall not be designated as Classified.

Information and documents that may be designated as Classified Information include, but are not limited to, trade secrets, confidential or proprietary financial information, operational data, business plans, and competitive analyses, personnel files, personal information that is protected by law, and other sensitive information that, if not restricted as set forth in this order, may subject the producing or disclosing person to competitive or financial injury or potential legal liability to third parties.

c. *For Counsel or Attorneys Only.* The designation "For Counsel Only" or "Attorneys Eyes Only" shall be reserved for information that is believed to be unknown to the opposing party or parties, or any of the employees of a corporate party. For purposes of this order, so-designated information includes, but is not limited to, product formula information, design information, non-

public financial information, pricing information, customer identification data, and certain study methodologies.

        d.    *Ultrasensitive Information.* At this point, the parties do not anticipate the need for higher levels of confidentiality as to ultrasensitive documents or information. However, in the event that a court orders that ultrasensitive documents or information be produced, the parties will negotiate and ask the court to enter an ultrasensitive information protocol in advance of production to further protect such information.

    **4.**    **Use of Classified Information**

All Classified Information provided by any party or nonparty in the course of this case shall be used solely for the purpose of preparation, trial, and appeal of matters at issue in this case, including any adversary proceeding, or as subsequently permitted by the Bankruptcy Court or by another court of competent jurisdiction following reasonable advance notice to the Trustee, and for no other purpose, and shall not be disclosed except in accordance with the terms hereof.

Mr. Nihar Patel has requested that the Trustee disclose to Mr. Patel, as the Debtor's representative, certain information and records belonging to the Estate, in order to allow and facilitate Mr. Patel's efforts to assist the Debtor in performing its obligations to file further bankruptcy schedules in compliance with Fed. R. Bankr. P. 1019, and to respond to questioning at any further meeting held pursuant to section 341 of the Bankruptcy Code. By the Trustee's agreement, Mr. Patel may utilize and disclose such information solely for the purpose of preparing or attesting to the Debtor's bankruptcy schedules in compliance with Fed. R. Bankr. P. 1019, as well as to testify under oath at any meeting held in the case pursuant to section 341 of the Bankruptcy Code, without violating or impacting any designation by the Trustee of any such information as "Confidential," "For Counsel Only," or "Attorneys Eyes Only."

### 5.    Marking of Documents

Documents provided in this case may be designated by the producing person or by any party as Classified Information by marking each page of the documents so designated with a stamp indicating that the information is "Confidential," "For Counsel Only," or "Attorneys Eyes Only." In lieu of marking the original of a document, if the original is not provided, the designating party may mark the copies that are provided. Originals shall be preserved for inspection.

### 6.    Disclosure at Depositions

Information disclosed at (a) the deposition of a party or one of its present or former officers, directors, employees, agents, consultants, representatives, or independent experts retained by counsel for the purpose of this case, or (b) the deposition of a nonparty, may be designated by any party as Classified Information by indicating on the record at the deposition that the testimony is "Confidential" or "For Counsel Only" and is subject to the provisions of this Order.

Any party also may designate information disclosed at a deposition as Classified Information by notifying all parties in writing not later than 30 days of receipt of the transcript of the specific pages and lines of the transcript that should be treated as Classified Information thereafter. Each party shall attach a copy of each such written notice to the face of the transcript and each copy thereof in that party's possession, custody, or control. All deposition transcripts shall be treated as For Counsel Only for a period of 30 days after initial receipt of the transcript.

To the extent possible, the court reporter shall segregate into separate transcripts information designated as Classified Information with blank, consecutively numbered pages being provided in a non-designated main transcript. The separate transcript containing Classified Information shall have page numbers that correspond to the blank pages in the main transcript.

Counsel for a party or a nonparty witness shall have the right to exclude from depositions any person who is not authorized to receive Classified Information pursuant to this Protective

Order, but such right of exclusion shall be applicable only during periods of examination or testimony during which Classified Information is being used or discussed.

7. **Disclosure to Qualified Persons**

a. *To Whom.* Classified Information shall not be disclosed or made available by the receiving party to persons other than Qualified Persons except as necessary to comply with applicable law or the valid order of a court of competent jurisdiction; ***provided, however***, that in the event of a disclosure compelled by law or court order, the receiving party will so notify the producing party as promptly as practicable (if at all possible, prior to making such disclosure) and shall seek a protective order or confidential treatment of such information. Information designated as For Counsel Only shall be restricted in circulation to Qualified Persons described in subparagraph 2(a).

b. *Retention of Copies During this Case.* Copies of For Counsel Only information shall be maintained only in the offices of outside counsel for the receiving party and, to the extent supplied to experts described in subparagraph 2(a)(ii), in the offices of those experts. Any documents produced in this case, regardless of classification, that are provided to Qualified Persons shall be maintained only at the office of such Qualified Person and only necessary working copies of any such documents shall be made. Copies of documents and exhibits containing Classified Information may be prepared by independent copy services, printers, or illustrators for the purpose of this case.

c. Each party's outside counsel shall maintain a log of all copies of For Counsel Only documents that are delivered to Qualified Persons.

### 8. Unintentional Disclosures

Documents unintentionally produced without designation as Classified Information later may be designated and shall be treated as Classified Information from the date written notice of the designation is provided to the receiving party.

If a receiving party learns of any unauthorized disclosure of Confidential information or For Counsel Only information, the party shall immediately upon learning of such disclosure inform the producing party of all pertinent facts relating to such disclosure and shall make all reasonable efforts to prevent disclosure by each unauthorized person who received such information.

### 9. Documents Produced for Inspection Prior to Designation

In the event documents are produced for inspection prior to designation, the documents shall be treated as For Counsel Only during inspection. At the time of copying for the receiving parties, Classified Information shall be marked prominently "Confidential," "For Counsel Only," or "Attorneys Eyes Only" by the producing party.

### 10. Consent to Disclosure and Use in Examination

Nothing in this order shall prevent disclosure beyond the terms of this order if each party designating the information as Classified Information consents to such disclosure or if the court, after notice to all affected parties and nonparties, orders such disclosure. Nor shall anything in this order prevent any counsel of record from utilizing Classified Information in the examination or cross-examination of any person who is indicated on the document as being an author, source, or recipient of the Classified Information, irrespective of which party produced such information.

### 11. Challenging the Designation

a. *Classified Information.* A party shall not be obligated to challenge the propriety of a designation of Classified Information at the time such designation is made, and a failure to do so shall not preclude a subsequent challenge to the designation. In the event that any party to this case

disagrees at any stage of these proceedings with the designation of any information as Classified Information, the parties shall first try to resolve the dispute in good faith on an informal basis, such as by production of redacted copies. If the dispute cannot be resolved, the objecting party may invoke this Protective Order by objecting in writing to the party who designated the document or information as Classified Information. The designating party shall then have 14 days to move the court for an order preserving the designated status of the disputed information. The disputed information shall remain Classified Information unless and until the court orders otherwise. Failure to move for an order shall constitute a termination of the status of such item as Classified Information.

      b.    *Qualified Persons.* In the event that any party in good faith disagrees with the designation of a person as a Qualified Person or the disclosure of particular Classified Information to such person, the parties shall first try to resolve the dispute in good faith on an informal basis. If the dispute cannot be resolved, any party may seek a determination by this Court as to the propriety of the disputed designation, including on an emergency basis. The objecting person shall have the burden of demonstrating that disclosure to the disputed person would expose the objecting party to the risk of serious harm. Upon the timely filing of such a motion, no disclosure of Classified Information shall be made to the disputed person unless and until the court enters an order preserving the designation.

**12.    Manner of Use in Proceedings**

In the event a party wishes to use any Classified Information in affidavits, declarations, briefs, memoranda of law, or other papers filed in this case, the party shall do one of the following: (1) with the consent of the producing party, file only a redacted copy of the information; (2) where appropriate (e.g., in connection with discovery and evidentiary motions) provide the information solely for *in camera* review; or (3) file such information under seal with the court consistent with

the sealing requirements of the court. *See* Local Rule 9018. This Protective Order hereby authorizes such filings under seal in accordance with Local Rule of Bankruptcy Procedure 9018 without the need for a separate motion seeking such authorization. Parties filing pleadings redacting Classified Information or containing Classified Information under seal may reference this Protective Order in the pleading in lieu of filing a separate motion.

13. **Filing Under Seal**

Upon entry of an order granting a motion to seal documents, or the filing of any sealed motion or other sealed document pursuant to this Protective Order, the clerk of this court is directed to maintain under seal all documents, transcripts of deposition testimony, answers to interrogatories, admissions, and other papers filed under seal in this case that have been designated, in whole or in part, as Classified Information by any party to this case consistent with the sealing requirements of the court. *See* Local Rule 9018.

14. **Return of Documents**

Not later than 120 days after conclusion of this case and any appeal(s) related to it, any Classified Information, all reproductions of such information, and any notes, summaries, or descriptions of such information in the possession of any of the persons specified in paragraph 2 (except subparagraph 2(a)(iii)) shall be returned to the producing party or destroyed, except as this court may otherwise order or to the extent such information has been used as evidence at any trial or hearing. Notwithstanding this obligation to return or destroy information, counsel may retain attorney work product, including document indices, so long as that work product does not duplicate verbatim substantial portions of the text of any Classified Information.

15. **Ongoing Obligations**

Insofar as the provisions of this Protective Order, or any other protective orders entered in this case, restrict the communication and use of the information protected by it, such provisions

shall continue to be binding after the conclusion of this case, except that (a) there shall be no restriction on documents that are used as exhibits in open court unless such exhibits were filed under seal, and (b) a party may seek the written permission of the producing party or order of the court with respect to dissolution or modification of this, or any other, protective order.

16. **Advice to Clients**

This order shall not bar any attorney in the course of rendering advice to such attorney's client with respect to this case from conveying to any party client the attorney's evaluation in a general way of Classified Information produced or exchanged under the terms of this order; ***provided, however***, that in rendering such advice and otherwise communicating with the client, the attorney shall not disclose the specific contents of any Classified Information produced by another party if such disclosure would be contrary to the terms of this Protective Order.

17. **Duty to Ensure Compliance**

Any party designating any person as a Qualified Person shall have the duty to reasonably ensure that such person observes the terms of this Protective Order and shall be responsible upon breach of such duty for the failure of such person to observe the terms of this Protective Order.

18. **Waiver**

Pursuant to Federal Rule of Evidence 502, neither the attorney-client privilege nor work product protection is waived by disclosure connected with this case.

19. **Modification and Exceptions**

The parties may, by stipulation, provide for exceptions to this order and any party may seek an order of this court modifying this Protective Order.

20. **No Intention to Modify Section 107 of the Bankruptcy Code**

For the avoidance of doubt, nothing in this order is intended to limit or contradict the scope of disclosure required by 11 U.S.C. § 107, and the Court may at any point take such steps to ensure

compliance with that section as it deems necessary, either upon its *sua sponte* consideration or upon the request of any entity.

# # #