Christopher W. Seabolt
3404 Tree Summit Parkway
Duluth, GA 30036
Creditor Case # 74

July 28, 2023
Case No. 23-10164-smr

Debtor: Astra Labs

United States Bankruptcy Court for the Western District of Texas – Austin Division
Attn: Hon. Shad M. Robinson
Homer J. Thornberry Federal Judicial Building
903 San Jacinto Blvd., Suite 322
Austin, TX 78701

Randolph N. Osherow, Esq.
342 West Woodlawn, Suite 100
San Antonio, Texas 78212

Melissa A. Haselden, Esq.
Haselden Farrow, PLLC
700 Milam, Suite 1300,
Houston, TX 77002

Jay H. Ong, Esq.
Munsch Hardt Kopf & Harr, PC
1717 West 6th Street, Ste 250
Austin, TX 78703

FILED
JUL 31 2023
U.S. BANKRUPTCY COURT
BY_____DEPUTY

Regarding the ORDER GRANTING TRUSTEE'S MOTION FOR EXTENSION OF DEADLINE TO ASSUME OR REJECT EXECUTORY CONTRACTS, entered July 10, 2023.

Dear Hon. Shad M Robinson; Mr. Randolph N. Osherow, Esq.; Ms. Melissa A. Haselden, Esq; and Mr. Jay Ong, Esq.

I received by post this afternoon a printed copy of the above referenced motion and its granting.

As a creditor, I need to register my considerable objection to the resolution of the issue above.

My understanding is that Astra Lab's warrants are the only meaningful asset from which value may be realized.

Unlike Shares, which are direct assets, Warrants are the option to purchase an asset (share) in a limited time frame. As the Warrants held by Astra Labs have a two-year exercise period, a delay in liquidation of these assets by six-months renders the asset base smaller by those warrants which will expire over that period, thus arithmetically 25%. This decision effectively impairs and depreciates the asset base which can be liquidated, and therefore impairs the likelihood of my receiving payment of amounts due.

The lack of competent understanding of the nature and value of warrants is evident. However, the Chapt 7 process was commenced May 10. We are now well over 70 days into this process. I fail to understand why, given the rapidly depreciating nature of these assets, the solicitation of the necessary competence externally is only occurring now.

Christopher W. Seabolt
3404 Tree Summit Parkway
Duluth, GA 30036
Creditor Case # 74

July 28, 2023

Any engagements or delays must necessarily now be weighed in the context of the diminished value of the assets brought on through such delay. The addition of six-months has the egregious impact of removing 25% (+/-) of the basis on which the value is to be predicated.

My understanding is that a sales process for these Warrants has been underway since mid-May. I had attempted to introduce two interested parties to that process as of that time and was told that the intent was to have an aggressive and speedy process, and that information was readily available to support that intention.

However, the necessary information promised to be delivered such that investors could perform the necessary calculations on which to make a bid was never provided, without explanation. This conduct raised serious concerns as regards intent on Astra Labs insiders involved in that process to exclude bidders from tendering offers. Consequently, these investors walked away from the process, as it appeared less than serious and, frankly, sinister. (See attached email correspondence)

If the intention is to maximize value, this is not the way to do so. As of the above referenced granting of the motion, a substantial portion of the exercisable warrants are in jeopardy of complete devaluation. Additionally, the exclusion of interested parties limits the pool of prospective bids.

While the requirement of some delay due to lack of comprehension of warrants is in evidence, a period of six months will have the almost certain effect of removing the potential value which could have otherwise been achieved from the companies under warrant which would expire during that period. Additionally, the process needs to be affected to remove any apparent effort by internal parties to obtain the portfolio at a minimal value, thus reducing the likelihood of recouping outstanding debt.

The pleasure of a reply would be appreciated.

Respectfully,

Chrsitopher W. Seabolt

Enclosures:

- Emails with James Merrill
- Emails with Jay Ong

## Christopher Seabolt

| | |
|---|---|
| **From:** | Christopher Seabolt <christopher.seabolt@gmail.com> |
| **Sent:** | Wednesday, May 31, 2023 6:32 PM |
| **To:** | Jamesmerrill@hotmail.com |
| **Cc:** | 'Mahesh Narayanan' |
| **Subject:** | RE: Warrant investors and warrant info |
| **Importance:** | High |
| **Flag Status:** | Flagged |

James
My second potential investor has finally walked away due to lack of information. Both investors were effectively "household names" in the industry, with deep pockets.
Given I was on Kirsten's list for contact a week ago, and that the sales process for the warrants appears to be managed by one of Astra's largest shareholders, it's becoming a fairly sinister by implication.
I have had to burn a bit of relationship equity in the process of getting these interest levels piqued. Consequently, I am no longer able to be helpful here.

**From:** Christopher Seabolt <christopher.seabolt@gmail.com>
**Sent:** Thursday, May 25, 2023 6:33 PM
**To:** Jamesmerrill@hotmail.com
**Subject:** RE: Warrant investors and warrant info

James
You mentioned that I was on Kirsten's list for contact today. I have had nothing yet.
Can you please see what you can do so that I can get access to some meaningful information? My concern is that, as we approach the wire here, there's increasingly less time to do proper due diligence, and that will negatively impact valuation.

**From:** Christopher Seabolt <christopher.seabolt@gmail.com>
**Sent:** Wednesday, May 24, 2023 8:07 PM
**To:** Jamesmerrill@hotmail.com
**Subject:** Warrant investors and warrant info
**Importance:** High

James,
I still have not had an approach from Kirsten or Jay (?) regarding the necessary data on the warrants.
Unfortunately, this was cited by one of my key investor contacts as a reason for dropping their potential interest in the deal. They are European based, and were perhaps capable of writing the largest cheque, so it is a bit of a bother. As the population of potential investors who have the necessary perspective to do a deal of this sort is small, it is doubly unfortunate. The lack of responsiveness in an environment of needing a deal done quickly was optically mismatched and has created a credibility issue.
There is another potential investor I am still stringing along, but I expect them to balk soon due to the zero information I have provided thus far.
If I am not able to get access to and share this data, I won't be able to be helpful for very much longer.

# Christopher Seabolt

| | |
|---|---|
| **From:** | Christopher Seabolt <christopher.seabolt@gmail.com> |
| **Sent:** | Thursday, May 18, 2023 2:48 PM |
| **To:** | jong@munsch.com |
| **Subject:** | Case number: 1:23-bk-10164 - ASTRALABS Inc, CONFIDENTIAL |
| **Importance:** | High |

Dear Jay Ong,

I am a Newchip Venture Fellow, contracted since March 1, 2023.

Over the past few months, I have communicated with various folks at Newchip and Astra Labs who were decision makers regarding efforts to liquidate some or part of the warrant portfolio. As a consequence of my background, I have several well-known institutional investors in the Secondary market who I felt would have a strong interest and be able to make compelling financial offers for the portfolio.

As of the Chapt 7 filing, I have approached two of these prospective investors on a zero-information basis and solicited their interest in principle. One of these prefers the $100mn+ deal size, the other prefers the $50mn+ deal size. Both have responded in the affirmative.

I have been provided with an "independent" valuation report which shows a current market value of ~$500mn for the portfolio. However, this report was prepared by a major Astra Labs shareholder, and not JP Morgan as I was originally told. Therefore, it is unreliable in my efforts as far as targeting which of the two, among potential others, should be introduced.

Irrespective of the continued misinformation which seems to be from all sides, any bidder would require their own due diligence on the portfolio prior to making a bid.

To appropriately target whom I should be speaking to, it is important to have a clear and accurate idea of the potential valuation range, and as such I would need to be able to access information on value and legal standing of the appropriate warrants and their context. Eventually, the appropriate identified Secondaries would need the same once the range in question was identified.

Both Secondary investors currently identified would pay cash for the portfolio, and neither has any connection to my knowledge with existing Newchip employees or shareholders.

I wanted to communicate with you and understand the timing of the process, and how I should best proceed under the circumstances.

My assumption is that your preference is that all communications be in writing, but in the event you can speak, I can be reached at +1-470-487-5257.