

**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: September 12, 2023.**

_____
SHAD M. ROBINSON
UNITED STATES BANKRUPTCY JUDGE

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Case No. 23-10164-smr |
| ASTRALABS, INC., | § | |
| | § | Chapter 7 |
| Debtor. | § | |

### ORDER APPROVING APPLICATION TO EMPLOY REID COLLINS & TSAI LLP AS SPECIAL LITIGATION COUNSEL TO THE TRUSTEE

CAME ON FOR CONSIDERATION the *Trustee's Application to Employ Reid Collins & Tsai LLP as Special Litigation Counsel to the Trustee* (the "Application") filed by Randolph N. Osherow, not individually but in his capacity as the duly appointed chapter 7 trustee (in such capacity, the "Trustee"), for and on behalf of ASTRALABS, Inc. (the "Debtor").[1] After having considered the Application, the Declaration of Jeremy H. Wells in support of the Application, and the record before it, and finding that no objections to the Application have been filed, the Court further finds that: (i) notice and service of the Application was adequate and sufficient under the

---

[1] Capitalized terms used herein, not otherwise defined, shall be given the meaning ascribed in the Application.

particular circumstances; (ii) the proposed employment of Reid Collins & Tsai LLP ("Reid Collins") as special litigation counsel for the Trustee is appropriate and in the best interests of the Debtor's Estate; (iii) Reid Collins and its shareholders and associates do not represent or hold any interest adverse to the Debtor's Estate such that Reid Collins would be disqualified from representing the Trustee in this bankruptcy case; and (iv) Reid Collins and each of its shareholders and associates is a "disinterested person" as such term is defined under 11 U.S.C. § 101(14). Accordingly, the Court finds and concludes that the Application should be approved. Therefore, pursuant to 11 U.S.C. § 327(a) and (e), as well as section 328, it is hereby

**ORDERED** that the Application is **APPROVED**. It is further

**ORDERED** that the Trustee is authorized to retain and employ Reid Collins as his special litigation counsel, as of June 9, 2023, to perform the services more particularly set forth in the Application and pursuant to the Engagement Agreement attached to the Declaration. It is further

**ORDERED** that the following contingency-fee arrangement with respect to the D&O Claims is approved as to Reid Collins pursuant to 11 U.S.C. § 328(a):

(a) Reid Collins is entitled to compensation in contingency fees in an amount of 40% of the gross recoveries obtained by Reid Collins for the benefit of the Estate, including both cash equivalent recoveries and the fair market value of any additional non-monetary recoveries, including but not limited to, the value of claim and/or interest reductions as well as unliquidated property, and whether such recoveries are obtained through settlement, agreement, judgment, award, or otherwise as the proceeds of D&O Claims;

(b) Reid Collins is hereby entitled to reimbursement of actual out-of-pocket expenses advanced by Reid Collins to and for the Estate in connection with its approved

        engagement. Such expenses shall accrue interest at a rate of 9% per annum but are payable only from the (first) proceeds of recoveries obtained by Reid Collins pursuant to its engagement; and

(c)    Reid Collins is hereby entitled to receive all such gross recoveries of the D&O Claims, as special litigation counsel to the Trustee and Estate, and shall disburse such proceeds as agreed by the Trustee as provided under this Order and the Engagement Agreement, *provided, however*, that, following the resolution of any D&O Claims resulting in any recovery to or for the Estate and/or Reid Collins, whatsoever, the Trustee shall reasonably promptly file and serve in the Bankruptcy Case a notice detailing the proceeds of the D&O Claims and the recoveries apportioned to Reid Collins and the Estate, and in the event that the Trustee and Reid Collins disagree as to the disbursement of any proceeds of any D&O Claims, either Reid Collins or the Trustee may seek this Court's resolution of such dispute(s) and Reid Collins shall segregate and reserve all such proceeds pending this Court's resolution of such dispute(s).

It is further

    **ORDERED** that this Court shall retain jurisdiction over any and all issues arising from or relating to the implementation and interpretation of this Order.

# # #

<u>Order respectfully submitted by:</u>
Jay H. Ong
Texas Bar No. 24028756
Thanhan Nguyen
Texas Bar No. 24118479
MUNSCH HARDT KOPF & HARR, P.C.
1717 West 6th Street, Suite 250
Austin, Texas 78703
Telephone: (512) 391-6100
Facsimile: (512) 391-6149