IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| In re: | § § | |
| | § | Case No. 23-10164-smr |
| ASTRALABS, INC., | § § | |
| | § | Chapter 7 |
| Debtor. | § | |

**ORDER (I) AUTHORIZING SALE OF DESIGNATED
SECURITIES WARRANTS, FREE AND CLEAR OF ALL LIENS, CLAIMS,
AND ENCUMBRANCES; (II) APPROVING NOTICE, SALE, AND EXECUTORY
CONTRACT PROCEDURES; AND (III) SETTING FINAL HEARING TO APPROVE
SALE AND GOOD FAITH DESIGNATION TO PREVAILING PURCHASER(S)**

CAME ON FOR CONSIDERATION the *Motion (I) for Authority to Sell Designated Securities Warrants, Free and Clear of All Liens, Claims, and Encumbrances; (II) for Approval of Notice, Sale, and Executory Contract Procedures; and (III) to Set Final Hearing to Approve Sale and Good Faith Designation to Prevailing Purchaser(s)* (the "Motion"),[1] filed by Randolph N. Osherow, not individually but in his capacity as the duly appointed chapter 7 trustee (in such capacity, the "Trustee"), for and on behalf of ASTRALABS, Inc., d/b/a "Newchip"

---

[1] Capitalized terms not otherwise defined herein have those same meanings as in the Motion.

1

(the "Debtor") and its bankruptcy estate ("Estate"), under the above-captioned chapter 7 bankruptcy case, and this Court having considered the Motion, the arguments and representations of the parties, and the record before it, finds and concludes[2] that: (i) the relief requested in the Motion, including the Sale Procedures proposed therein, is fair, reasonable, appropriate, and designed to maximize the value of the Estate's assets sought to be sold as proposed therein (the "Sale Assets"); (ii) the Trustee has exercised his reasonable business judgment in determining to sell the Sale Assets (the "Sale") pursuant to the Sale Procedures proposed in the Motion and as further described in the form of Purchase Agreement ("APA") proposed by the Trustee in connection with the Sale Procedures; (iii) the Trustee has formulated the Sale Procedures in good faith for the purpose of maximizing the value of the Sale Assets; (iv) due and adequate notice of the Motion and the Sale Procedures has been given to all creditors and parties-in-interest and no other or further notice is necessary; and (v) after due deliberation thereon, for all the reasons stated by the Court on the record, good and sufficient cause exists to grant the relief set forth herein as being in the best interests of the Debtor, the Estate, and its creditors. Accordingly, it is hereby:

ORDERED that the Motion is GRANTED as provided herein. It is further,

ORDERED that the Trustee is authorized to market and sell the Sale Assets listed on Exhibit 1 attached to the Sale Procedures, including the assumption and assignment to the eventual purchaser(s) (collectively, the "Purchaser") of any Sale Assets constituting executory contracts contemplated under 11 U.S.C. §365, to the extent designated by the Purchaser, free and clear of all liens, claims, and encumbrances, with any such interests attached to the Sale Assets

---

[2] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. *See* Fed. R. Bankr. P. 7052.

to transfer to the proceeds of Sale in the same amount, validity, and priority and subject to the same Estate defenses, if any. It is further,

ORDERED that the Trustee through his Sale Agent may and shall proceed with marketing the Sale Assets for sale pursuant to the Sale Procedures, which procedures and notice of same ("Sale Notice") are hereby approved in their entirety in the form attached as **Exhibit "A"** to this Order and incorporated herein by reference for all purposes as fully set forth in this Order. The Trustee shall cause such Sale Notice to be served upon all creditors, parties-in-interest, Sale Asset counterparties, and the United States Trustee (collectively, the "Notice Parties"), as well as upon all parties who the Trustee is informed are interested bidders. The Trustee and his Sale Agent are authorized to take any and all actions necessary or appropriate to implement the Sale Procedures. It is further,

ORDERED that the APA in substantially the form proposed by the Trustee in connection with the Sale Procedures and initial hearing conducted by this Court is hereby APPROVED in its entirety for use in connection with the Sale Procedures and Sale, subject to reasonable modifications pursuant to the Trustee's sole discretion. It is further,

ORDERED that any Sale Asset counterparties (issuers of Warrants included in the Sale Assets) and all other persons and entities asserting any objection to the assumption or assignment of a Warrant as an executory contract, other than an objection based solely on the identity of the Purchaser (*i.e.*, the proposed assignee), must file and serve upon the Trustee a written objection stating the bases for its objection and any asserted, required cure amount **by no later than 5:00 p.m. (Central Time) on January 12, 2024** (the "Cure Objection Deadline"), unless such deadline is extended by the agreement of the Trustee or by further Order of this Court. It is further,

ORDERED that any objections to the Sale that are not based solely on the identity of the Purchaser, including but not limited to objections based on any purported "right of first refusal" held by the issuer, must also be filed and served upon the Trustee **by no later than 5:00 p.m. (Central Time) on January 12, 2024** (the "Sale Objection Deadline").  It is further,

ORDERED that, in the event a timely objection is filed to the assumption and/or assignment of a Warrant as an executory contract or to the Sale—other than objections based solely on the identity of the Purchaser—a hearing shall be held to consider and resolve such objection(s), before the United States Bankruptcy Court, live and **in-person**[3] before the Honorable Shad M. Robinson, United States Bankruptcy Judge, at the United States courthouse located at the **Homer J. Thornberry Federal Judicial Building, 903 San Jacinto Boulevard, Third Floor, Courtroom 1, Austin, Texas 78701, on January [22–26], 2024, at [##:## a.m. / p.m.] (Central time)** ("Executory Contract Hearing").  Any objection to the Sale or to the assignment of a Sale Asset as an executory contract, based on the identity of the Purchaser, must be filed and served upon the Trustee **by no later than 5:00 p.m. (Central Time) on April 1, 2024.**  It is further,

ORDERED that, in the absence of an objection that is timely filed and served as set forth in the preceding paragraphs, the proposed cure amounts listed by the Trustee on Exhibit "1" to the Sale Procedures shall be controlling and dispositive, and any counterparty to a Sale Asset Warrant will be forever barred from asserting against the Debtor, the Trustee, the Estate, the Purchaser, or any assignee of such contract that any additional amounts are due on account of any defaults existing, or that such contract may not be assumed and assigned to the Purchaser, or that any other conditions to assumption or assignment or transfer by agreement must be satisfied

---

[3]  Information on attending the hearing remotely by WebEx or telephone can be found on the Court's website: https://www.txwb.uscourts.gov/honorable-shad-m-robinson-us-bankruptcy-judge.

in order to assign such contract to the Purchaser. It shall be entirely the obligation of the Purchaser to address and satisfy any and all cure amounts allowed by this Court as a condition of receiving assignment of any such contracts, without any adverse impact on its obligations to close the Sale, and without any reduction of the purchase price or any contribution from the Trustee or Estate. It is further,

ORDERED that, by no later than March 25, 2024, the Trustee, shall notify the Qualified Bidder(s) who made the Successful Bid ("Successful Bidder") as well as the Qualified Bidder(s) making the Back Up Bid ("Back Up Bidder"), and file notice of same for the Court's approval at the Final Sale Hearing. It is further,

ORDERED that the Final Sale Hearing to consider final approval of the Sale of the Sale Assets to the Successful Bidder and/or Back Up Bidder, as Purchaser, and the transactions contemplated thereby, shall be held before the United States Bankruptcy Court, live and **in-person**[4] before the Honorable Shad M. Robinson, United States Bankruptcy Judge, at the United States courthouse located at the **Homer J. Thornberry Federal Judicial Building, 903 San Jacinto Boulevard, Third Floor, Courtroom 1, Austin, Texas 78701, on April [8-12], 2024, at [##:## a.m. / p.m.]** (Central Time). It is further,

ORDERED that this Court shall retain exclusive jurisdiction over any matters related to or arising from the implementation of this Order, including, but not limited to, any matter, claim, or dispute arising from or relating to the Sale Procedures, the Sale, and/or the implementation of this Order.

# # #

---

[4] Information on attending the hearing remotely by WebEx or telephone can be found on the Court's website: https://www.txwb.uscourts.gov/honorable-shad-m-robinson-us-bankruptcy-judge.

<u>Order respectfully submitted (agreed as to form and substance) by</u>:

Jay H. Ong
Texas Bar No. 24028756
Thanhan Nguyen
Texas Bar No. 24118479
MUNSCH HARDT KOPF & HARR, P.C.
1717 West 6th Street, Suite 250
Austin, Texas 78703
Telephone: (512) 391-6100
Facsimile: (512) 391-6149