From: Adrian Tymes, CEO

CubeCab Co.

2375 Adele Ave.

Mountain View, CA 94043

January 7, 2024

To: Jay Ong

Munsch Hardt Kopf & Harr, P.C.

Hartland Plaza, 1717 West 6th Street, Suite 250

Austin, Texas 78703

Cc: Randolph N. Osherow, Chapter 7 Panel Trustee

342 West Woodlawn, Suite 100

San Antonio, Texas 78212

Cc: The Honorable Shad M. Robinson, United States Bankruptcy Judge

Homer J. Thornberry Federal Judicial Building

903 San Jacinto Boulevard, Third Floor, Courtroom 1

Austin, Texas 78701

FILED

JAN 31 2024

U.S. BANKRUPTCY COURT
BY_____DEPUTY

Mr. Ong,

Let this letter serve as formal filing, served upon you as the Trustee's counsel, with a copy to the Trustee and a copy to the court, of objection to the assumption or assignment of a Warrant as an executory contract. Specifically, this is an objection to the Warrant for stock of CubeCab Co. in re: ASTRALABS INC., case number Case No. 23-10164.

The basis for the objection is that Astralabs does not possess any valid warrant in CubeCab. As of November 30, 2020, the contract date for CubeCab specified in the court filing we have received a copy of, Astralabs had failed to perform the entirety of the services for which warrants may have been agreed to. In particular, they failed to introduce CubeCab to individuals or firms that might plausibly invest in CubeCab. This is a classic breach of contract, therefore, any warrants or warrant options that Astralabs may have had were rendered invalid at that time.

As evidence, we have forwarded to you emails documenting this failure to perform. The main promised service that failed to be delivered was introduction to investors potentially willing and able to invest in CubeCab. To summarize the emails:

- On September 23, 2020, there was an inquiry about introducing CubeCab to AutoTech Ventures, an investor who only dealt in ground transportation. CubeCab's business is rocketry and transportation to orbit. This mismatch was pointed out to Astralabs' agent, based on information readily available to said agent (the agent's file on us showed what we did, and the agent's email to us contained a blurb saying what sectors AutoTech invested in). As of this letter (let alone as of the contract date), no introduction between CubeCab and AutoTech Ventures has been made.
- On October 26, 2020, Astralabs informed Adrian Tymes of a Zoom meeting later that day to introduce CubeCab to an investor. As far as we can tell, Adrian Tymes was the only one who showed up. (Astralabs' agent said the meeting was to start at a certain time. Mr. Tymes was on that meeting link at the time, but Zoom said the meeting was actually to start 20 minutes later. Mr. Tymes waited those 20 minutes, then a few minutes more, but the meeting failed to start.) As of this letter, there has been no reply from Astralabs to Mr. Tymes's email inquiring about this, and CubeCab remains unaware of the identity of the alleged investor in this case.
- On December 8, 2020 (after the contract date), there was an attempt to introduce CubeCab to Aaron Burnett of Spaced Ventures. Mr. Burnett never replied or otherwise acknowledged that he noticed the introduction. The most relevant portion of the Mirriam-Webster definition of "introduce" is, "to lead to or make known by a formal act, announcement, or recommendation: such as a) to cause to be acquainted". As of this letter, CubeCab has still never spoken with Mr. Burnett, so it is not the case that we became acquainted with Mr. Burnett. Thus, Astralabs did not introduce us to Mr. Burnett. The service promised was introductions, not merely attempted introductions.

Given this and other incidents (such as an email on November 5, 2020 where Astralabs said their system showed the introduction to AutoTech Ventures had been made, when in truth it had not), we suspect this failure to perform may not have been reported to Astralabs' upper management, who may be acting in good faith belief that this service was delivered and the warrants were valid. Nonetheless, the service was not delivered and the warrants are not valid.

Even if Astralabs had possessed valid warrants in CubeCab, those were stated to expire 2 years later, on November 30, 2022. There is a provision extending this to 10 years if we did not report certain information to Astralabs. CubeCab attempted to report, but it appears that Astralabs refuses to acknowledge said report, based on the inclusion of CubeCab's warrant on the list despite it being over 2 years old.

We are certain that we do not need to remind Trustee of the legal consequences of selling warrants, or anything else of potential value, that one does not in fact legally possess.

We would accept a cure amount of US$5,000,000. In 2020 when we engaged with Astralabs, we believe the warrants would have been worth US$5,000,000 based on the amount we sought to raise by sale of a certain amount of stock. We have recently been in talks with investors to sell the same amount

of stock for twice as much, which would make the warrants worth US$10,000,000. Therefore, the difference of US$5,000,000 seems to be an appropriate cure amount. However, we suspect that this cure amount is unlikely to be agreed to.

So, we offer a compromise: recognize that Astralabs currently possesses no valid warrants in CubeCab, and remove the warrants in CubeCab from the assets listed for sale. The warrants might qualify as depreciated assets that Astralabs can take a tax writeoff for.

We have been informed that a similar situation may apply to other companies that Astralabs claims to have warrants for. We only have hearsay about this, however, and not any direct evidence. We recommend performing due diligence to see if there are any other such cases. We speculate that removal of all warrants from these cases may be a small enough minority to not significantly affect the sale price.

We acknowledge that we have a meeting with you scheduled for Thursday, January 11, 2024. The deadline to file this notice is on Tuesday, January 16, 2024. We are concerned that, if we wait until after said meeting to send this notice, it might not arrive until after said deadline. We hope that this matter may be settled at that meeting, so that we can report a settlement to the court without needing to waste the court's time.

Sincerely,

*Adrian Tymes*

Adrian Tymes

Chief Executive Officer, CubeCab Co.