**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: February 01, 2024.**



_____
**SHAD M. ROBINSON**
**UNITED STATES BANKRUPTCY JUDGE**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| In re: § | |
| § | Case No. 23-10164-smr |
| ASTRALABS, INC., § | |
| § | Chapter 7 |
| Debtor. § | |

### ORDER OVERRULING OBJECTIONS TO TRUSTEE'S SALE OF DESIGNATED SECURITIES WARRANTS, FREE AND CLEAR OF ALL LIENS, CLAIMS, AND ENCUMBRANCES

On December 19, 2023, the Court entered its order [Docket No. 359] (the "Sale Procedures Order") approving the *Motion (I) for Authority to Sell Designated Securities Warrants, Free and Clear of All Liens, Claims, and Encumbrances; (II) for Approval of Notice, Sale, and Executory Contract Procedures; and (III) to Set Final Hearing to Approve Sale and Good Faith Designation to Prevailing Purchaser(s)* [Docket No. 351] (the "Sale Motion"),[1] filed by Randolph N. Osherow, not individually but in his capacity as the duly appointed chapter 7 trustee (in such capacity,

---

[1] Capitalized terms used and not otherwise defined herein have the same meanings as set forth in the Sale Procedures Order, and if none, then as set forth in the Sale Motion.

1

the "Trustee"), for and on behalf of ASTRALABS, Inc., d/b/a "Newchip" (the "Debtor"), and its bankruptcy estate.

Pursuant to the Sale Procedures Order, "any objections to the Sale that are not based solely on the identity of the Purchaser, including but not limited to objections based on any purported 'right of first refusal' held by the issuer, must also be filed and served upon the Trustee **by no later than 5:00 p.m. (Central Time) on January 16, 2024** (the 'Sale Objection Deadline')." *See* Sale Procedures Order at p. 4.

Pursuant to the Sale Procedures Order, the Court held a hearing on January 26, 2024 (the "Hearing"), to consider the following objections that are the sole objections that have been filed on the Official Docket of this case as of the Sale Objection Deadline or as of the date of entry of this Order (collectively, the "Objections"):

(a) *Objection and Reservation of Rights of CollectiveCrunch Oy to the Chapter 7 Trustee's Notice of Entry of Order (I) Approving Notice, Sale, and Executory Contract Procedures for Sale of Designated Securities Warrants, Free and Clear of All Liens, Claims, and Encumbrances; and (II) Scheduling Final Sale Hearing* [Docket No. 370]; and

(b) *Notice of Trustee's Receipt of Objections to Notice of Entry of Order (I) Approving Notice, Sale, and Executory Contract Procedures for Sale of Designated Securities Warrants, Free and Clear of All Liens, Claims, and Encumbrances; and (II) Scheduling Final Sale Hearing* [Docket No. 372].

After reviewing and considering the Objections, the evidence, testimony, and argument of counsel presented at the Hearing, and the entire record before it; and for the reasons stated on the record by the Court at the Hearing; **THE COURT FINDS, CONCLUDES, AND ORDERS AS FOLLOWS**[2]:

---

[2] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. *See* Fed. R. Bankr. P. 7052.

1. The Objection of CollectiveCrunch Oy has been resolved as between CollectiveCrunch Oy and the Trustee, pursuant to an accommodation announced to, and tentatively approved by, the Court under which CollectiveCrunch Oy has agreed to pay the Trustee the sum of $5,000 in exchange for the Trustee's agreement to deem CollectiveCrunch Oy's prior warrant issued to the Debtor to be entirely expired and terminated, for all purposes, or surrender the warrant to CollectiveCrunch Oy (at its option), along with the parties' exchange of full releases. Pursuant to the foregoing, the Court Orders the Trustee to remove CollectiveCrunch Oy's prior warrant issued to the Debtor (No. 75) from the list of Sale Assets under the Sale Motion, for all purposes, and file notice of same. The Trustee shall further file a separate motion, with appropriate notice, for final approval of the foregoing agreement, together with and any other resolutions agreed to between the Trustee and other relevant Warrant counterparties, including, but not limited to, The Wholesome Bowl Pty Ltd and WeConcile, Inc.

2. The Objection of b-science.net to the Sale of its Warrant without being granted a right of first refusal is OVERRULED. Any potential Purchaser of a Warrant assumes such Warrant subject to any and all provisions set forth therein, including without limitation, any provision providing for a "right of first refusal" held by the issuer and any and all related rights and obligations, but solely to the extent valid and enforceable under applicable law.

3. The Objection of FLYX Entertainment Inc. that its Warrant has expired after twenty-four (24) months from the date of signing is OVERRULED. FLYX Entertainment Inc. has not shown that its Warrant is expired, including by providing sufficient documentation to demonstrate that it has satisfied all requisite reporting obligations under the Warrant, but any purchaser of the Warrant would acquire it subject to its enforceable term, if any.

4. The Objection of Ok Away Pty Ltd that its Warrant is null and void because the Debtor breached its agreement with Ok Away Pty Ltd is OVERRULED. The Warrant is severable from the related customer agreement and may be separately assumed and assigned by the Trustee.

5. The accommodation and compromise between and among the Trustee and the clients represented by Ross, Smith & Binford, PC (collectively, the "RSB Clients"), which agreement is set forth on **Exhibit "A"** attached to this Order and incorporated herein by reference for all purposes, pursuant to which the RSB Clients agreed to waive any and all objections required to be asserted by the Sale Objection Deadline, except as set forth on Exhibit "A", is APPROVED. The Trustee shall incorporate the language set forth on Exhibit "A" into the Final Sale Order submitted to and tentatively approved by the Court for notice in connection with the Sale Motion for final entry following the Final Sale Hearing.

6. This Court retains jurisdiction to, among other things, interpret, enforce, and implement the terms and provisions of this Order.

*# # #*

<u>Order submitted by</u>:

By: */s/ Jay H. Ong*

Jay H. Ong
Texas Bar No. 24028756
Thanhan Nguyen
Texas Bar No. 24118479
MUNSCH HARDT KOPF & HARR, P.C.
1717 West 6th Street, Suite 250
Austin, Texas 78703
Telephone: (512) 391-6100
Facsimile: (512) 391-6149

*Counsel for Randolph N. Osherow,
Chapter 7 Trustee*

**Exhibit "A"**

- Final Sale Order (new ordered Paragraph 13):

13. Other than with respect to cure obligations contemplated by section 365 of the Bankruptcy Code as provided immediately above, the Purchaser takes the Assigned Contracts issued by any of the entities listed on **Exhibit "1"** hereto and incorporated herein by reference for all purposes (each, and collectively, the "RSB Client(s)") subject to the validity, effectiveness, and legal enforceability of any Designated Securities Warrant and the RSB Client parties to the Assigned Contracts hereby reserve all rights with respect to such validity, effectiveness, and legal enforceability. Moreover, an RSB Client party's participation in the sale process by providing information requested by the Trustee, the Debtor, the Purchaser, or their respective representatives, shall not be considered a waiver of such party's rights with respect to the validity, effectiveness, and legal enforceability of a Designated Securities Warrant.

- Exhibit "1" to Final Sale Order:

| Company | Principal's Name |
|---|---|
| Alezan SA | Pierre Colle |
| Allwell Greens Inc. | Judy Cari |
| AquaLith Advanced Materials Inc. | Gregory Cooper |
| Artscapy, Ltd. | Alessandro de Stasio |
| ASecureCloud Inc. | Abdul Kittana |
| CO2 Pulse | Mirko Mlatac |
| Cyber Trust Alliance, Inc. | Randy Steinle |
| Delmic | Sander den Hoedt |
| Dream Harvest Ltd | Justin French |
| Eze Technologies, Inc. | David Iya |
| Fabalish Inc. | Paul Majcherczy |
| Fashion Constellate | Melinda Villarreal |
| Filmplace HQ Pte Ltd | Lincoln Lin |
| GeoNadir Pty Ltd | Paul Mead |
| Hypha Knowledge Integration Limited | Arpit Kauashik |
| Innovative Wellness Systems Inc. | Ted Finn |
| InterGen Data, Inc. | Robert Kirk |
| Lambda Supply Chain Solutions Pvt. Ltd. | Gaurav Mogra |

| Company | Principal's Name |
| --- | --- |
| Lonch, Inc. | Christopher Gulliver |
| Makara Insights | Juan Carballo |
| MyIDFi, LLC (now Inc.) | Jeffrey Lee Nelson |
| Paddio Inc. | Aldo de Jong |
| Prismatext, Inc. | Zak Erving |
| Retora Games LLC | Tyler Coleman |
| Retentacle Inc. | Marlies Bloxham |
| Serene Health Ltd. | Savannah Price |
| Sleep Easy Technology, Inc. | Anthony Esplin |
| Swarm Holdings Inc | David Connors |
| The Wholesome Bowl Pty Ltd | Mez Jamali |
| ThoughtData, Inc. | Manjunath Venkatran |
| TravelMeetEat, Inc. | Kevin Blake Thomas |
| Virtuosica Inc. | Warren Peterson |
| WeConcile, Inc. | Jennifer Lehr |
| Wingsure Inc. | Avi Basu |
| Yowo Solutions, Inc. | David Shepherd |