

**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: March 18, 2024.**

_____
**SHAD M. ROBINSON
UNITED STATES BANKRUPTCY JUDGE**

_____

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | |
|---|---|
| In re: § | |
| § | Case No. 23-10164-smr |
| **ASTRALABS, INC.,** § | |
| § | Chapter 7 |
| Debtor. § | |

**ORDER GRANTING TRUSTEE'S OMNIBUS
MOTION FOR AUTHORITY TO ENTER INTO AND PERFORM
MISCELLANEOUS COMPROMISES WITH CERTAIN WARRANT ISSUERS**

CAME ON FOR CONSIDERATION the *Motion for Authority to Enter Into and Perform Miscellaneous Compromises With Certain Warrant Issuers* (the "Motion")[1] filed by Randolph N. Osherow, not individually but in his capacity as the duly appointed chapter 7 trustee (in such capacity, the "Trustee"), for and on behalf of ASTRALABS, Inc. (the "Debtor") and its bankruptcy estate ("Estate") established under the above-captioned chapter 7 case ("Bankruptcy Case"), whereby the Trustee seeks the Court's authority to enter into and perform certain "miscellaneous" compromises proposed with certain Issuers of warrants held, or purportedly held, by the Debtor's Estate.

---

[1] Capitalized terms used but not defined herein shall have the means ascribed to them in the Motion.

1

Having considered the Motion, the Court finds that: (i) it has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b); (iii) proper and adequate notice of the Motion and an opportunity for a hearing on the Motion has been given and no other or further notice is necessary; (iv) no objections to the Motion have been asserted and the opportunity to timely assert any such objections has expired; and (v) good and sufficient cause exists for the approving the relief requested in the Motion. It is therefore:

ORDERED that the Motion is GRANTED in all respects; it is further

ORDERED that each of the following Warrants issued to the Debtor is hereby deemed canceled, terminated, and void *ab initio*, without any exercise, and for all purposes: (i) CollectiveCrunch Oy's Warrant issued to the Debtor, dated as of January 23, 2023; (ii) The Wholesome Bowl Pty Ltd.'s Warrant issued to the Debtor, dated as of March 28, 2022; (iii) WeConcile, Inc.'s Warrant issued to the Debtor, dated as of August 24, 2022; and (iv) Retentacle, Inc.'s Warrant issued to the Debtor, dated as of January 31, 2023; it is further

ORDERED that, by no later than the first date that is twenty (20) days following the date of entry of this Order: (i) CollectiveCrunch Oy shall pay the Trustee, by check or wire transfer, the amount of $5,000.00 in immediately available funds; (ii) The Wholesome Bowl Pty Ltd. shall pay the Trustee, by check or wire transfer, the amount of $1,000.00 in immediately available funds; it is further,

ORDERED that for the consideration encompassed herein and in the Motion, effective upon the entry of this Order and except for those obligations created by or arising out of this Order, each of CollectiveCrunch Oy; The Wholesome Bowl Pty Ltd.; WeConcile, Inc.; and Retentacle, Inc.; individually and on behalf of its respective predecessors in interest, successors, affiliated

2

companies, estates, directors, officers, employees, agents, heirs, executors, representatives, insurers, attorneys, and assigns (collectively, the "Releasing Non-Debtor Parties"), hereby release, acquit, and forever discharge the Debtor, the Trustee, the Debtor's bankruptcy Estate arising under 11 U.S.C. § 541(a), and their respective predecessors in interest, successors, employees, agents, representatives, insurers, attorneys, and assigns (collectively, the "Released Estate Parties") from any and all actions, suits, debts, covenants, contracts, controversies, agreements, promises, duties, obligations, claims, issues, demands, damages, injuries, losses, liabilities, expenses, attorneys' fees, and causes of action of any kind, whether arising in contract, in tort, by statute, at law, in equity, or otherwise, and whether fixed or contingent, liquidated or unliquidated, known or unknown, concealed or revealed, discovered or undiscovered, actual or potential, direct or indirect, material or immaterial, disputed or undisputed, arising out of, related to, based upon, by reason of, or in any way involving any act, matter, transaction, occurrence, or event before the date of entry of this Order, including but not limited to Proof of Claim No. 390-1 filed by The Wholesome Bowl Pty Ltd., Proof of Claim No. 70-1 filed by WeConcile, Inc., Proof of Claim No. 251-1 filed by Retentacle, Inc., any and all proofs of claim scheduled, filed, or asserted in the Bankruptcy Case, and any and all claims and causes of action that could have been asserted in the Bankruptcy Case, or that in any way relate to the Debtor, the Estate, or the Bankruptcy Case; it is further

ORDERED that for the consideration encompassed herein and in the Motion, effective upon the entry of this Order and except for those obligations created by or arising out of this Order, Randolph Osherow, as Chapter 7 Trustee, and on behalf of each of the Released Estate Parties, hereby releases, acquits, and forever discharges each of the Releasing Non-Debtor Parties, from any and all actions, suits, debts, covenants, contracts, controversies, agreements, promises, duties, obligations, claims, issues, demands, damages, injuries, losses, liabilities, expenses, attorneys'

fees, and causes of action of any kind, whether arising in contract, in tort, by statute, at law, in equity, or otherwise, and whether fixed or contingent, liquidated or unliquidated, known or unknown, concealed or revealed, discovered or undiscovered, actual or potential, direct or indirect, material or immaterial, disputed or undisputed, arising out of, related to, based upon, by reason of, or in any way involving any act, matter, transaction, occurrence, or event before the date of entry of this Order, including but not limited to any and all claims and causes of action that could have been asserted in the Bankruptcy Case, or that in any way relate to the Debtor, the Estate, or the Bankruptcy Case; it is further

ORDERED that for the consideration encompassed herein and in the Motion, from and after the entry of this Order: (i) each of the Trustee, the Debtor, WeConcile, Inc., and WeConcile, Inc.'s principal Ms. Jennifer Lehr shall keep confidential all non-public matters of the Debtor's prior dealings with WeConcile, Inc. and disclose any such matters only as provided by legal process; (ii) neither the Trustee nor the Debtor shall make any disparaging remarks about WeConcile, Inc. or WeConcile, Inc.'s principal Ms. Jennifer Lehr, or either of WeConcile, Inc.'s or Ms. Lehr's services, practices, business or conduct; and (iii) neither WeConcile, Inc. nor WeConcile, Inc.'s principal Ms. Jennifer Lehr shall make any disparaging remarks about the Trustee, Debtor, the Debtor's services, or either of the Trustee's or Debtor's practices, business, or conduct; it is further;

ORDERED that the Trustee is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion; it is further

ORDERED that the Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

# # #

Order Respectfully Submitted by:

*/s/ Jay H. Ong*
Jay H. Ong
Texas Bar No. 24028756
Thanhan Nguyen
Texas Bar No. 24118479
MUNSCH HARDT KOPF & HARR, P.C.
1717 West 6th Street, Suite 250
Austin, Texas 78703
Telephone: (512) 391-6100
Facsimile: (512) 391-6149

Counsel for the Chapter 7 Trustee