

**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: June 13, 2024.**

_____
SHAD M. ROBINSON
UNITED STATES BANKRUPTCY JUDGE

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Case No. 23-10164-smr |
| ASTRALABS, INC., | § | |
| | § | Chapter 7 |
| Debtor. | § | |

**ORDER GRANTING TRUSTEE'S SECOND OMNIBUS
MOTION FOR AUTHORITY TO ENTER INTO AND PERFORM
MISCELLANEOUS COMPROMISES WITH CERTAIN WARRANT ISSUERS**

CAME ON FOR CONSIDERATION the *Motion for Authority to Enter Into and Perform Miscellaneous Compromises With Certain Warrant Issuers* (the "Motion")[1] filed by Randolph N. Osherow, not individually but in his capacity as the duly appointed chapter 7 trustee (in such capacity, the "Trustee"), for and on behalf of ASTRALABS, Inc. (the "Debtor") and its bankruptcy estate ("Estate") established under the above-captioned chapter 7 case ("Bankruptcy Case"), whereby the Trustee seeks the Court's authority to enter into and perform certain "miscellaneous" compromises proposed with certain Issuers of warrants held, or purportedly held, by the Debtor's Estate.

---

[1] Capitalized terms used but not defined herein shall have the means ascribed to them in the Motion.

1

Having considered the Motion, the Court finds that: (i) it has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b); (iii) proper and adequate notice of the Motion and an opportunity for a hearing on the Motion has been given and no other or further notice is necessary; (iv) no objections to the Motion have been asserted and the opportunity to timely assert any such objections has expired; and (v) good and sufficient cause exists for the approving the relief requested in the Motion. It is therefore:

ORDERED that the Motion is GRANTED in all respects; it is further

ORDERED that each of the following Warrants issued to the Debtor is hereby deemed canceled, terminated, and void *ab initio*, without any exercise, and for all purposes: (i) Cyber Trust Alliance, Inc.'s Warrant issued to the Debtor, dated as of June 30, 2022; (ii) KA! Empathogenics' Warrant issued to the Debtor, dated as of February 24, 2023; (iii) Serene Health Ltd.'s Warrant issued to the Debtor, dated as of January 31, 2023; (iv) Arcadia Web3 Technologies Inc.'s Warrant issued to the Debtor, dated as of October 25, 2022; (v) Makara Insights Inc.'s Warrant issued to the Debtor, dated as of January 4, 2023; (vi) Aportio Technologies Limited's Warrant issued to the Debtor, dated as of July 31, 2022; and (vii) Affective Markets' Warrant issued to the Debtor, dated as of November 30, 2020; it is further

ORDERED that, by no later than the first date that is twenty (20) days following the date of entry of this Order: (i) Cyber Trust Alliance, Inc. shall pay the Trustee, by check or wire transfer, the amount of $10,000.00 in immediately available funds; (ii) KA! Empathogenics' shall pay the Trustee, by check or wire transfer, the amount of $2,500.00; (iii) Serene Health shall pay the Trustee, by check or wire transfer, the amount of $5,000.00; (iv) Makara Insights Inc. shall pay the Trustee, by check or wire transfer, the amount of $1,000.00 in immediately available funds;

(v) Aportio Technologies Limited shall pay the Trustee, by check or wire transfer, the amount of $2,000.00 in immediately available funds; and (vi) Affective Markets shall pay the Trustee, by check or wire transfer, the amount of $1,000.00 in immediately available funds; it is further,

ORDERED that for the consideration encompassed herein and in the Motion, effective upon the entry of this Order and except for those obligations created by or arising out of this Order, each of Cyber Trust Alliance, Inc.; KA! Empathogenics; Serene Health Ltd.; Arcadia Web3 Technologies Inc.; Makara Insights, Inc.; Aportio Technologies Limited; and Affective Markets, individually and on behalf of its respective predecessors in interest, successors, affiliated companies, estates, directors, officers, employees, agents, heirs, executors, representatives, insurers, attorneys, and assigns (collectively, the "Releasing Non-Debtor Parties"), hereby release, acquit, and forever discharge the Debtor, the Trustee, the Debtor's bankruptcy Estate arising under 11 U.S.C. § 541(a), and their respective predecessors in interest, successors, employees, agents, representatives, insurers, attorneys, and assigns (collectively, the "Released Estate Parties") from any and all actions, suits, debts, covenants, contracts, controversies, agreements, promises, duties, obligations, claims, issues, demands, damages, injuries, losses, liabilities, expenses, attorneys' fees, and causes of action of any kind, whether arising in contract, in tort, by statute, at law, in equity, or otherwise, and whether fixed or contingent, liquidated or unliquidated, known or unknown, concealed or revealed, discovered or undiscovered, actual or potential, direct or indirect, material or immaterial, disputed or undisputed, arising out of, related to, based upon, by reason of, or in any way involving any act, matter, transaction, occurrence, or event before the date of entry of this Order, including but not limited to Proof of Claim No. 294 filed by Ka! Empathogenics, Proof of Claim No. 117 filed by Makara Insights, Inc., and Proof of Claim 623 filed by Aportio Technologies Limited, as maintained in the Official Claims Register for the Bankruptcy Case, any

3

and all claims scheduled, filed, or asserted by or in favor of any of them in the Bankruptcy Case, and any and all claims and causes of action that could have been asserted in the Bankruptcy Case, or that in any way relate to the Debtor, the Estate, or the Bankruptcy Case; it is further

ORDERED that for the consideration encompassed herein and in the Motion, effective upon the entry of this Order and except for those obligations created by or arising out of this Order, Randolph Osherow, as Chapter 7 Trustee, and on behalf of each of the Released Estate Parties, hereby releases, acquits, and forever discharges each of the Releasing Non-Debtor Parties, from any and all actions, suits, debts, covenants, contracts, controversies, agreements, promises, duties, obligations, claims, issues, demands, damages, injuries, losses, liabilities, expenses, attorneys' fees, and causes of action of any kind, whether arising in contract, in tort, by statute, at law, in equity, or otherwise, and whether fixed or contingent, liquidated or unliquidated, known or unknown, concealed or revealed, discovered or undiscovered, actual or potential, direct or indirect, material or immaterial, disputed or undisputed, arising out of, related to, based upon, by reason of, or in any way involving any act, matter, transaction, occurrence, or event before the date of entry of this Order, including but not limited to any and all claims and causes of action that could have been asserted in the Bankruptcy Case, or that in any way relate to the Debtor, the Estate, or the Bankruptcy Case; it is further

ORDERED that for the consideration encompassed herein and in the Motion, from and after the entry of this Order Arcadia Web3 Technologies, Inc. shall continue to adhere to its confidentiality obligations set forth in its related, pre-petition customer agreement with the Debtor; it is further;

ORDERED that the Trustee is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion; it is further

ORDERED that the Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

# # #

<u>Order Respectfully Submitted by</u>:

 */s/ Jay H. Ong*
Jay H. Ong
Texas Bar No. 24028756
Beverly A. Bass
Texas Bar No. 24125116
MUNSCH HARDT KOPF & HARR, P.C.
1717 West 6th Street, Suite 250
Austin, Texas 78703
Telephone: (512) 391-6100
Facsimile: (512) 391-6149

Counsel for the Chapter 7 Trustee

6